SUSAN J. LYNCH ET AL., APPELLEES, V. PATRICK W. LYNCH ET AL., APPELLANTS.

1. **Homestead.** A tenant in common is not entitled to a right of homestead on the common property as against a judgment in partition in favor of a co-tenant for the value of his interest.

2. **Partition:** JURISDICTION OF COURT. Where an action in partition is properly brought on a legal title, and the defendant sets up an equitable defense, the court has authority to determine the validity of such defense, and adjudicate upon the rights of the parties.

3. ———— : CASE STATED. Where a certain lot of the value of $2,500 was devised by will to six persons, two of whom conveyed their interests to the defendant, in an action of partition, *Held*, 1st, That where one of the shares was attached to the shares of the defendant without objection, a judgment making the value of such share a lien on the defendant's portion was not erroneous. 2d, That a balance due from the defendant for rents and profits appropriated by him might be enforced against his interest in the property.

4. ———— : ————. Where the premises are incapable of a fair division, the court has power to award a pecuniary compensation to one of the parties for equality of partition.

APPEAL from the district court of Douglas county. Tried below before NEVILLE, J.

*George W. Ambrose* and *E. F. Smythe,* for appellants.

*A. Swartzlander* and *Burnham & Balliett* for appellees.

MAXWELL, J.

This is an action of partition brought in the district court of Douglas county. It is alleged in the petition, in substance, that on the 17th day of October, 1870, one Mary Lynch departed this life seized in fee of lot 6, block 198, in the city of Omaha; that before her death, said Mary Lynch made a last will and testament, which was afterwards admitted to probate by the probate court of Douglas county, by which she devised said real estate in equal shares to her six children, viz. : Susan Lynch, Margaret Clary, Mary E. Michaelson, Patrick W. Lynch, James H. Lynch, and Daniel Lynch; that in April, 1882, Daniel Lynch conveyed his interest in said lot to Susan J. Lynch, and assigned to her the rents and profits thereof accruing since the death of said testator ; that Susan J. Lynch is the owner of an undivided third of said lot, Margaret Clary an undivided one-sixth interest, Mary E. Michaelson an undivided one-sixth interest, Patrick W. Lynch an undivided sixth interest, and James H. Lynch an undivided sixth interest, and that Patrick W. Lynch has received the rents and profits of the same since the 17th day of October, 1870. The prayer is for partition, and to require Patrick W. Lynch to account.

In the answer of Patrick W. Lynch it is alleged " that, long prior to the death of said Mary Lynch the said property was purchased of Charles H. Brown with money belonging to Patrick W. Lynch, and at his request the title to said property was taken in the name of Mary Lynch,

the mother of said Patrick, and for the sole purpose of holding the same in trust for the said defendant Patrick Lynch.    He also alleges that he had no notice of his mother's will, and claims to be entitled to the exclusive possession of said lot.    He also pleads title by adverse possession for more than ten years.    On the trial of the cause the court found that the interests of two of the heirs had been conveyed to the defendant, and that Susan J. Lynch was entitled in fee to an undivided one-third part of said lot, Margaret Clary to an undivided sixth part, and the defendant to an undivided one-half, and the interests of said parties as above found were confirmed.    Referees were thereupon appointed to make partition of said lot, and a referee also to find the value of the use and occupation of the same since the 17th day of October, 1870, and the amount expended for repairs, permanent improvements, taxes etc.

The referee found that the defendant had expended for repairs and permanent improvements the total sum of $598, and for taxes and assessments against said lot the sum of $510.20, that the rents and profits amount to the sum of $2,436.00, from which, after deducting the sum of $1108.-20 expended by the defendant for improvements, repairs, and taxes on said lot, leaves a balance of $1,327.80 for which the defendant is chargeable.    No exceptions were filed to this report and it was confirmed.    Thereafter the referees appointed to make partition made a report, in which they allot to Susan J. Lynch the west one-third of said lot, being 22 feet front and running back its entire length, and to the defendant the east two-thirds, being 44 feet front and running back the entire length.    They also found the value of the entire lot to be the sum of $2,500, and "that for equality of partition the said Patrick W. Lynch pay to the clerk of the district court, for the use of Mrs. Margaret Clary, plaintiff in the case, the sum of four hundred and sixteen $\frac{66}{100}$ dollars as her share and

portion of said lot." No objections were made to this re-
port and it was confirmed. Afterwards a further decree
was entered in said court as follows:

The court assigned to Susan J. Lynch the west one-third
of the lot in question in severalty, and to the defendant the
east two-thirds in severalty, subject, however, to the pay-
ment by him to Margaret Clary of the sum of $416.66
in lieu of her one-sixth share or interest in said lot, which
sum was decreed to be a specific lien on said two-thirds
interest of the defendant, to be enforced by execution.
Also that the defendant stand charged with one-half of the
net rents and profits of said lot, of which sum $442.60
was due Susan J. Lynch, and $221.30 due Margaret Mc-
Clary, and that said sums be a specific lien on said two-
thirds interest of the defendant. There were certain other
orders as to the payment of taxes and costs, upon which no
issue is made and need not be considered. It is admitted
in the abstract that the testimony offered by the plaintiff
fully sustained the allegations of the petition, and that the
report of the referee as to the value of the use and occupa-
tion of the premises is fully sustained.

The sole question presented by the appellants is, the
power of the court to render judgment making the value
of the interest of Margaret McClary a lien on the defend-
ant's two-thirds of said lot, and to make the judgment for
one-half of the net sum due for rents and profits a lien
thereon. It is said the court had no jurisdiction.

1st. It is claimed that the premises in question are the
defendant's homestead. It will not be contended that a
tenant in common by taking possession of the common
property can by claiming the property as a homestead
divest the rights and interest of his co-tenant. The right
of homestead is always subordinate to prior rights or in-
terests of other persons in the property. *Gunn v. Barry,*
15 Wall., 623. *Homestead Cases,* 22 Gratt., 331. *Bowker
v. Collins,* 4 Neb., 496. *State Bank v. Carson,* 4 Id., 502.

The defendant has no right of homestead in the premises, therefore, as against the rights of the plaintiffs.

2d.    To sustain the allegation of want of jurisdiction the appellant has cited *Tabler v. Wiseman*, 2 Ohio State Rep., 210. *Greenup v. Sewell*, 18 Ill., 53. *Louvalle v. Menard*, 1 Gil. (Ill.), 39. The exact point intended to be brought to the attention of the court by these cases is not clear, but probably that partition was not a proceeding to decide title. In *Tabler v. Wiseman*, 2 O. S., 210, cited by the appellant, one Moudy died seized of the tract of land of which partition was sought, the whole of which had been assigned to the widow as dower, the widow being still alive when the proceedings were had. The parties to the suit were the heirs at law, and the question for determination was, could partition be had during the continuance of the dower estate? The court below held that it might, but as the lands could not be divided, and as one of the heirs elected to take the same at the appraised value, the court confirmed the election so made, and ordered a deed to be made upon payment of the purchase money. The supreme court held that the proceedings were erroneous, but as the plaintiff in error had received and still retained his part of the money paid for the estate in pursuance of the order confirming the election, it was a waiver of the error. In the discussion of the question there is a great deal said by Judge Ranney, who delivered the opinion of the court, that was not pertinent to the question at issue.

In this case the title of the plaintiffs was put in issue by the answer, and an adjudication had thereon, which being against the defendant is conclusive, no appeal having been taken. At common law partition lay only where the lands were held in coparcenary. The remedy was afterwards extended by statutes 31 and 32, Henry VIII., to joint tenancies and tenancies in common. The writ, however, lay only against the tenant in possession, and as partition was made by the sheriff by actual division, in case

the interests were incapable of exact apportionment a court of law possessed no power to make compensation for the inequality. Hence, in consequence of the inadequacy of the legal remedy, partition became a matter of equitable cognizance, the remedy being extended to all persons interested in the estate. *Brook v. Hertford*, 2 P. Wms., 518. *Gaskell v. Gaskell*, 6 Sim., 643. *Wills v. Slade*, 6 Ves., 498. Under the former chancery practice if the plaintiff's legal title was disputed the court refused to proceed until he had established his right at law. *Wilkin v. Wilkin*, 1 Johns. Ch., 111. In the case cited, Chancellor Kent says (page 118): "The jurisdiction of chancery in awarding partition is not only well established by a long series of decisions which are noticed by Mr. Hargrave (N. 23 to Lib. 3, Co. Lit.), but it has been found by experience to be a jurisdiction of much public convenience. *Calmady v. Calmady*, 2 Ves., Jr., 570. The court, however, does not sustain a bill of partition unless the title be clear; and in case of the *Bishop of Ely v. Kenrick* (Bunb., 322) the bill for partition was dismissed because the title was denied. In another case (*Cartwright v. Pultney*, 2 Atk., 380) Lord Hardwick observed, "that where there were suspicious circumstances in the plaintiff's title the court would leave him to law," etc. That this was the rule under the former equity practice there is no doubt, and may perhaps be the same under our present procedure where the titles relied upon are purely legal. But that question is not before the court. But where equitable titles are in dispute a court of equity has jurisdiction to determine the rights of the parties and grant partition in the same action. *Hitchcock v. Skinner*, Hoff. Ch., 21. *Cartwright v. Pultney*, 2 Atk., 380. *Coxe v. Smith*, 4 Johns. Ch., 271. In the case last cited the defendants in their answer alleged that the deed from Coxe to Redman was in the nature of a trust, but the court held otherwise and ordered partition. It is essential, however, that the

legal title should be before the court, otherwise if the equitable title only was presented to it, the power to cause the execution of conveyances might be greatly abridged. *Miller v. Warmington*, 1 Jac. & Walk., 484.

In partition in equity the court will take the necessary steps to protect the rights of the parties by the equal division of the estate. In other words, the court does not act in a merely ministerial character, in obedience to the call of some or all of the parties, but administers relief in such manner as to do equal and exact justice as far as possible. Therefore, where premises are incapable of a fair division the court has power to award a pecuniary compensation or charge upon the land. *Smith v. Smith*, 10 Paige, 470. *Larkin v. Mann*, 2 Id., 27. *Phelps v. Green*, 3 Johns. Ch., 303. Story's Eq. Juris., § 656a. In order to enable the court to make an equitable distribution between the parties the statute authorizes it, where the property cannot be divided "without great prejudice to the owners, to enter an order directing the referees to sell the premises," etc. Code §§ 814, 815. So far as the share of Mrs. McClary is concerned, being but a sixth interest, a strip eleven feet in width, it would be of very little value. As to her, therefore, a division could not be made without great prejudice, and it remained with the referees either to recommend a sale of the lot or that the share be attached to the portion assigned either to Susan J. Lynch or the defendant. No objection was made by the defendant to attaching the same to that portion of the lot assigned to him. Had objection been made no doubt the court would have required the referees to make a new allotment or recommend a sale of the premises. The interest of Mrs. McClary being assigned to the defendant, the consideration for the same was properly made a lien on the portion of the lot assigned to him. The right to make the balance due to the plaintiffs from the defendant for rents and profits a lien on his interest in the premises is

not so clear, but no particular objection on that ground seems to have been made. No error is apparent in the proceedings, and the judgment is in all things affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.