CHARLES A. BURKE v. RICHARD CUNNINGHAM ET AL.

FILED NOVEMBER 8, 1894.  No. 5364.

1. **Abandonment of Appeal by Filing Petition in Error.**
When a case is in its nature appealable and a transcript is filed within the time allowed for appeal, but thereafter, and within

the time permitted for  instituting proceedings in error, the appellant files and attaches to the transcript a petition in error, he will be held to have abandoned his appeal and elected to proceed in error.

2. **Partition**: DECREE: REVIEW. In an action for partition the court found on the trial of the issues that partition could not be made, and in the judgment confirming the interests of the parties ordered a sale of the land. The judgment was held to be irregular, but not without jurisdiction, and as it was not complained of because of this irregularity, either by a motion for a new trial or by assignment of error, *held*, that it could not be reversed.

ERROR from the district court of Lancaster county. Tried below before FIELD, J.

*Clark & Allen*, for plaintiff in error.

*Richard Cunningham, contra.*

IRVINE, C.

A doubt arises as to whether this case is before us for review on appeal or on petition in error. The action was in form one for the partition of real estate. The transcript was filed within the six months allowed for an appeal, but the bill of exceptions containing the testimony was not filed until after the expiration of the six months. The transcript which was filed was sufficient to give the court jurisdiction on appeal. (*Schuyler v. Hanna*, 28 Neb., 601.) The day the bill of exceptions was filed Charles A. Burke filed a petition in error, in which he styles himself "plaintiff in error and appellant." The Code provides two methods of review, but it does not permit the same judgment to be reviewed both by appeal and on error, and it is evident that to permit a party to pursue both remedies would be intolerable. We must presume that Burke had some object in filing his petition in error; and if so, then that object must have been to abandon his appeal and to transform the proceedings into proceedings in error. The petition in error being filed within the statutory time, this was his privilege,

and we shall therefore treat the case as here on error and not as an appeal.

The first error assigned in the petition in error is directed to the overruling of a motion for a continuance. The affidavit on which this motion was based is not embodied in the bill of exceptions and this assignment cannot, therefore, be considered.

The next assignment is that the court erred "in admitting evidence over objections." There are two reasons why this assignment cannot be considered. The first is that there was no motion for a new trial in the district court. The other is that the assignment is too vague for consideration in any event.

The only two remaining assignments are that the judgment is contrary to the evidence and that it is not sustained by the evidence. The failure of the plaintiff in error to present these questions to the trial court by a motion for a new trial precludes us from their examination; but we ought not to pass them on that statement without a reference to the very peculiar condition of the record. As we have said, the action was in form one for the partition of land. The petition alleged that the plaintiff and defendants had purchased certain land under an agreement that each should pay an equal portion of the purchase money and should own equal and undivided interests in the land; that the plaintiff and defendant Edney paid the purchase money and that the defendant Burke had paid nothing. The prayer was for partition and general relief. The answer of Burke admitted the purchase of the land and the payment of the purchase money as alleged in the petition, but averred that Burke had devoted time and labor to the purchase of the property, for which he was entitled to credit in an accounting between the owners, and asked that the interests of the parties should be determined in an accounting between them as partners. The reply was practically a general denial. In the judgment the material

facts are found in favor of Cunningham.   It is also found
that the property cannot be divided without decreasing its
value.   The court then orders the land to be sold and from
the proceeds of the sale the plaintiff and the defendant
Edney reimbursed for their advances, and that any surplus
after the repayment of said sum shall be divided equally
among the three parties.   It need hardly be said that these
proceedings were very irregular.   It is suggested in argu-
ment that the petition may be treated as one to quiet
title, but it does not contain the necessary averments for
that purpose and such a proceeding could not result in the
decree rendered.   Viewed as a case in partition, as it must
be viewed, the court undoubtedly erred in ascertaining
that partition could not be made and ordering a sale in
the first instance.   On the trial of the issues it was the
duty of the court, in the first place, to enter judgment con-
firming the shares and interests of the parties and ordering
partition. (Code of Civil Procedure, sec. 810.)   Referees
should then have been appointed to make partition, and
if upon their reporting that partition could not be made
without great prejudice, the court should be satisfied with
such report, an order of sale should then be made. (Code
of Civil Procedure, secs. 814, 815.)   In other words, it is
the duty of the referees, in the first instance, and not of the
court, before the first judgment, to determine whether or
not partition is practicable.   The duty of the court in that
regard arises on the report of the referees, and not until
the coming in of that report; but it is within the jurisdic-
tion of the court ultimately to determine that fact and to
order a sale, and the decree cannot, therefore, be said to be
*coram non judice.*   No error is assigned upon the form of
the judgment; and upon the assignment that the judgment
is not sustained by the evidence, we are not warranted in
reversing the decree because of the irregularity we have
referred to.   There having been no motion for a new trial
in the district court, and no assignment of error proper to

raise the question of the irregularity of the judgment, except in connection with the evidence, we cannot interfere.

AFFIRMED.