Phillips v. Dorris.

JOHN D. PHILLIPS V. A. H. DORRIS, ADMINISTRATOR, ET AL.

FILED OCTOBER 5, 1898.   No. 8303.

1. **Partition: PARTIES.** Only a joint-tenant or a tenant in common of real estate can maintain an action for its partition.

2. ———: ———: EXECUTORS AND ADMINISTRATORS. An administrator or executor is neither a joint tenant nor a tenant in common with the heir or devisee of his decedent, and cannot maintain an action for the partition of his real estate.

3. ———: OBJECT OF ACTION. The object of a partition suit is to assign property, the fee simple title to which is held by two or more persons as tenants, or joint tenants in common, to them in severalty.

4. ———: ADVERSE TITLE: JURISDICTION OF COURT: PROCEDURE. The raising of questions of adverse title in a partition suit does not oust the court of jurisdiction nor render a dismissal of such suit necessary. The court may hold the case, determine the issues of title, and then proceed with the partition.

ERROR from the district court of Saunders county. Tried below before BATES, J.   *Reversed.*

*J. R. Gilkeson* and *T. B. Wilson*, for plaintiff in error.

*J. W. Deweese, L. E. Gruver*, and *C. S. Allen*, contra.

RAGAN, C.

Jason G. Miller brought a suit in the district court of Saunders county against John D. Phillips and others. In his petition Miller claimed to be the owner in fee of an undivided one-third interest in certain real estate de-

scribed in the petition. The prayer was for a partition of
the land. Before the trial of the action Miller died and
it was revived in the name of his administrator. The
case then proceeded to trial, and resulted in a judgment
partitioning the lands. Neither the widow, the heirs, nor
devisees of Miller were made parties to the action. The
judgment of the district court is brought here for review
on error by Phillips, the defendant below.

1. Only a joint tenant or a tenant in common of real
estate can maintain an action for its partition. (Code of
Civil Procedure, sec. 802; *Hurste v. Hotaling*, 20 Neb. 178;
*Barr v. Lamaster*, 48 Neb. 114.) If Miller died intestate,
the title to the lands which he owned at his death de-
scended to, and vested in, his heir at law. If he died leav-
ing a will, the title vested in his devisee on probate of
the will. Miller's administrator was neither a tenant in
common nor a joint tenant of such heir or devisee. True,
by the statute the administrator or executor of a deced-
ent is given the right to the possession of such decedent's
real estate until the estate is settled (Compiled Statutes,
ch. 23, sec. 202); but this statute, of course, does not in-
vest the administrator with any estate or interest in the
realty of the decedent, the manifest object of the statute
being to invest the administrator or executor with pos-
session of the decedent's real estate solely for the pur-
poses of administration; that is, to enable him to collect
the assets and pay the debts of the estate. (*Carson v.
Dundas*, 39 Neb. 503.) The object of a partition suit is to
assign property, the fee simple title to which is held by
two or more persons as joint tenants, or tenants in com-
mon, to them in severalty; and with such a suit an admin-
istrator has no concern whatever, as it is only after the
estate has been settled and the administration closed
that the heirs or devisees are entitled to the decedent's
estate.

2. The parties made defendants to Miller's action in
the district court denied his title to the real estate in
controversy and set up title in themselves. This did not

oust the district court of jurisdiction to hear and determine the partition suit nor make the dismissal of that suit necessary. The court was one of general jurisdiction, administering both legal and equitable remedies, and was invested with authority in that proceeding to try the issues as to the title, and, after they were determined, proceed to partition the estate among the parties found to be the owners thereof. (*Wilkin v. Wilkin*, 1 Johns. Ch. [N. Y.] 110; *Lynch v. Lynch*, 18 Neb. 586; *Seymour v. Ricketts*, 21 Neb. 240.)

The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.