GEORGE McCLAVE, APPELLANT, V. SUSANNA McCLAVE ET AL., APPELLEES.

FILED SEPTEMBER 19, 1900. No. 9,276.

1. **Trial Court**: FINAL DISPOSITION OF CAUSE: REQUEST TO PROCEED IN CAUSE: REVIEW. The failure of a trial court to make a complete and final disposition of a cause can not be reviewed until it has been asked to so proceed in the case.

2. **Advancement by Father to Son**: DEDUCTION FROM DISTRIBUTIVE SHARE. Advancements made by a father to a son may properly be deducted from the distributive share of the latter in the estate of the deceased father.

3. **Partition of Real Estate.** In partition of real estate, the court may allot particular portions of the land to particular individuals.

APPEAL from the district court of Lancaster county. Heard below before HOLMES, J. *Affirmed.*

*Mockett & Polk,* for appellant.

*F. M. Hall* and *Samuel J. Tuttle, contra.*

NORVAL, C. J.

This is an appeal from an order made by the lower court in an action therein commenced to have partition of the estate of one William McClave, who, in 1888, died intestate, being a resident of the state of Ohio, and owning at the time of his death real estate situate therein, and in Lancaster county in this state. He left a widow and numerous heirs, among the latter being Stewart McClave. Against the said Stewart McClave, Robert E. Moore and Sarah J. Alloway held judgments, which, upon the death of William, became liens upon his share in said estate situate in this state. In the action for partition, it was shown, on trial, that deceased had, during his lifetime, advanced to said Stewart McClave some $2,800, which the court properly found should be de-

ducted from his share in said estate. The lower court, upon sufficient evidence, found the value of the real estate in Ohio and of that in Nebraska, and the value of said Stewart's share in each, and deducted the value of his share in the Ohio property (which did not equal the amount of the advancement) from such advancement, and the balance of such advancement was deducted from the value of his interest in the Nebraska land. The court then found that it was possible to, and did, allot to said Stewart McClave a specific tract of said Nebraska land, free and clear of the dower interest of the widow, and of another life estate owned by one of the parties to the action, and directed the commissioners thereafter to be appointed to make to said Stewart McClave a deed to said particular tract of land, which was, in the order of the court, described by metes and bounds. The court then found the amount due said Moore and Alloway respectively from said Stewart McClave, and the order of priority of their liens upon such specific tract of land, and directed that, unless payments of such judgments be made, said land be sold, and the proceeds of such sale be applied to the satisfaction of such judgments. No further order was made in the premises, and from the order so made an appeal to this court is taken by the plaintiff in partition.

It is claimed by appellant that the action of the lower court, so far as it proceeded in the action, should be reversed for the reason that it failed to set aside the dower or life estate of the widow, and of another of the parties, a widow of one of the heirs. We do not think that question is properly before the court for decision. If the plaintiff desired the court to set aside the dower interest of the widow, he should have asked the lower court to proceed further in the premises, and if the lower court should refuse to so proceed, he had his remedy. There is nothing of record to show that the lower court refused to proceed further in the premises.

It seems that the interest of Stewart McClave in the

34

Ohio land had, as shown by the record, been previously sold on attachment proceedings issued out of a competent tribunal in that state, and appellant claims that for that reason no deduction should have been made from the amount of the advancement, so far as the value of his interests in Ohio are concerned. We fail to understand the force of the argument. These interests represented two funds. Upon one of them Moore and Alloway had a lien, upon the other they had none. The estate of William McClave had a first lien upon both of the funds for the amount of such advancement. This being the case, equity would require that the estate first exhaust the fund upon which Moore and Alloway had no lien, and that was done in this case. If the lien of the estate proves to be superior to that of the attaching creditor in Ohio, that is the misfortune of such creditor, but certainly it constitutes no error on the part of the trial court in this action. The statute gave the right to allot particular portions of the land to particular individuals. Code of Civil Procedure, sec. 813.

We have carefully read the proceedings of the lower court, and, as far as it has proceeded in the premises, find no error, and for that reason the order appealed from is

AFFIRMED.