GEORGE L. SMITH, APPELLANT, v. ALFRED PALMER ET AL., APPELLEES.

FILED SEPTEMBER 28, 1912.    No. 17,081.

Partition: ALLOWANCE OF ATTORNEY'S FEE. In partition, an allegation in the petition that the land can properly be divided among the owners without a sale and a denial thereof in the answer raise no issue of fact, since the matter in dispute relates to procedure

regulated by statute and does not make the proceedings adversary within the meaning of the rule that the trial court may allow plaintiff's attorney a reasonable fee to be paid out of the common fund, where the proceedings are amicable.

APPEAL from the district court for Butler county: BENJAMIN F. GOOD, JUDGE. *Reversed with directions.*

*L. S. Hastings,* for appellant.

*A. J. Evans, contra.*

ROSE, J.

This is an action for partition of a lot in Ulysses. The property was regularly sold by a referee to plaintiff for $2,045. In confirming the sale and in ordering distribution of the proceeds, the trial court, in the final judgment, directed the referee to pay the costs out of the fund in his hands, including a fee of $75 for plaintiff's attorney. Defendants did not ask for a new trial nor appeal from the judgment. Ten days after it had been rendered, however, they made a motion to retax the costs and modify the judgment by charging the attorney's fee of $75 to plaintiff. This motion was sustained and execution was awarded for the collection of the retaxed fee. Plaintiff has appealed, and the only question presented is the correctness of the order retaxing costs.

The motion to retax was based on the ground that the proceedings were adversary, and that consequently no fee for plaintiff's attorney could be allowed. *Oliver v. Lansing,* 57 Neb. 352. Plaintiff relies on the doctrine that partition is a remedy inuring to the benefit of all parties having an interest in the land, and that the trial court may allow plaintiff's attorney a reasonable fee to be paid out of the common fund, where the proceedings are amicable. *Johnson v. Emerick,* 74 Neb. 303.

The interest of each owner, as stated in the petition, was not disputed in the answer. No objection to the action for partition was made by any defendant. The in-

terests of all of the parties were, without controversy, adjudicated to be as alleged in the petition. Plaintiff, however, alleged that a division of the lot among the owners would be practicable, but prayed for a sale, if an equitable division could not in fact be made. In the answer defendants alleged that the lot could not be divided "without rendering the shares of the parties practically worthless." On these conflicting averments defendants assert that the proceedings were adversary. No issue of fact was raised by these allegations. The only controversy between the parties related to procedure, which is regulated by a statute requiring the appointment of a referee to make partition. If the property cannot be divided "without great prejudice to the owners," it is the referee's statutory duty to so report to the trial court. Code, secs. 812-814. Whether partition is practicable must, in the first instance, be determined by the referee. *Burke v. Cunningham*, 42 Neb. 645. The statutory procedure was followed and the referee reported that the land should be sold. There were no exceptions to the report of the referee, nor was there any further hearing. There was, therefore, no controverted issue to make the proceedings adversary in such a sense as to prevent the allowance of the fee in question.

The judgment is therefore reversed, with instructions to the district court to overrule the motion to retax costs.

REVERSED.