JOHN HEISER ET AL., APPELLEES, V. EMMA BREHM ET AL., CROSS-APPELLANTS: HENRY HEISER, APPELLANT.

FILED OCTOBER 8, 1928. No. 26132.

*Henry Meier, Guardian ad litem,* for appellant.

*Meier & Meier,* for Emma Brehm et al., cross-appellants.

*Wilmer B. Comstock* and *T. F. A. Williams, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

GOSS, C. J.

This is an action in equity. The plaintiffs, as beneficiaries under a trust deed, secured a decree ordering partition of the farm land in Lancaster county described in the trust deed. Henry Heiser, an incompetent, one of the defendants, resisted partition and appeals.

The interests of all of the parties arise from Peter Heiser, their father, who died on April 26, 1926. On September 30, 1919, he made a will, which was probated after his death, by the terms of which he gave the home in Lincoln and $10,000 to his daughter, Christine, and the rest of his estate in equal shares to his eight children, Conrad, John, Henry, Nick, Katherine, Emma, Lizzie and Christine. Some years later, under date of June 18, 1925, he executed and delivered to his son, Conrad Heiser, as trustee, and his successors and assigns, a trust deed to the 160-acre farm in question for the use and benefit of his eight children. The trust deed gives Conrad Heiser as trustee complete and absolute control and supervision of the farm, with directions to receive the rents and profits and to pay them over annually to the beneficiaries, less the taxes and expenses; it grants to the trustee the power to sell the land for the best sum and upon the best terms he is able to obtain when in his judgment he deems it expedient to sell; it empowers the trustee to execute whatever instruments are necessary to consummate the sale and to convey an absolute fee simple title to his grantee; and it directs the trustee to divide the net proceeds, share and share alike, among the eight beneficiaries.

Without having completed the trust, and while still seised of the title to the land, Conrad Heiser died, on or about June 2, 1926, leaving a widow and four children, who are parties to the suit. All of the persons legally interested.

are parties, all are over 21 years of age, and all are competent except Henry Heiser, who is represented by his guardian and by a guardian *ad litem*.

In the petition it was alleged that by deed dated June 18, 1925, Peter Heiser conveyed the land in fee simple to his eight children as tenants in common; that one of them, Conrad Heiser, has departed this life, leaving his widow and children to take his undivided one-eighth; and plaintiffs pray for equitable partition of the land among the parties or for partition sale by a referee. By answers and cross-petitions certain of the defendants set up the deed of June 18, 1925, alleging that it created an active express trust, that thereunder Conrad Heiser received rents, profits and income from the land and died before he had accounted to the beneficiaries; that after Conrad's death the plaintiffs in this action received rents and profits from said real estate and neither they nor Conrad Heiser's heirs have ever accounted for such income; wherefore the defendants prayed that the prayer of the petitioners be disallowed and that a suitable trustee be appointed by the court to carry out the trust under the direction of the court. By answer and cross-petition the daughter Christine Heiser, whose $10,000 bequest in her father's will would be affected by his later trust deed, alleged that the trust deed to Conrad was personal and ceased on his death, and that such real estate should become a part of the estate of Peter Heiser, to be distributed under his will. Issues were fully joined. On the trial the court found that the parties were the owners in fee simple, each being the owner of a definite undivided interest in the land. The court appointed a referee, ordered partition and directed a report thereof to be made at that term of court.

There is no particular variance in the facts alleged and the facts proved. The position of appellees as stated in their brief is that the only question involved in this appeal is whether the beneficiaries named in the trust deed are entitled to have partition of the land described therein. The position of the appellants goes a little further by tak-

ing the stand that the district court had no power to decree partition, but that, under the prayer of appellants and under the facts as alleged and proved, the court should have appointed a successor in trust with directions to carry out the terms of the trust.

The appellees argue that it does not matter in what way, whether by partition or by the appointment of a successor trustee, the land is sold and the proceeds divided among the heirs; that either method will result in the carrying out of the intent of Peter Heiser as expressed in the trust deed. The appellants, however, take the position, in effect, that statutory partition may result in a division of the real estate among the interested parties rather than in a sale of the land and a distribution of the proceeds; and that the latter course, and that alone, was the true purpose and intent of Peter Heiser when he made the trust deed.

The court in this suit found that the parties were the owners in fee simple of the land, found their respective shares therein, ordered these shares confirmed, and ordered partition of the land and appointed a referee to make partition of the land into the requisite number of shares and to report the same at the present term of court. Under sections 9249 and 9251, Comp. St. 1922, if the referee should report to the court that physical division of the land among the parties according to their interests cannot be made without prejudice, then the court shall enter an order directing a sale of the entire premises. The effect of these provisions of the statute makes it uncertain whether the land will be divided physically among the beneficiaries or will be sold in bulk.

It seems clear from the terms of the trust deed that it was the intent of Peter Heiser that the trustee should sell the land and distribute the proceeds of the sale, including the net rents and profits, among the beneficiaries. It seems equally clear that his intent was that the trust should not lapse, for he referred in the deed to "Conrad Heiser and to his successors and assigns." Section 5591, Comp. St. 1922, says: "Every conveyance of real estate shall pass

all the interest of the grantor therein, unless a contrary intent can be reasonably inferred from the terms used." Section 5594, Comp. St. 1922, provides: "In the construction of every instrument creating or conveying, or authorizing or requiring the creation or conveyance of any real estate, or interest therein, it shall be the. duty of the courts of justice to carry into effect the true intent of the parties, so far as such intent can be collected from the whole instrument, and so far as such intent is consistent with the rules of law." It was provided in the trust deed that the trustee should use his "judgment and discretion" as to the time of sale, that when in his judgment and discretion he deems it expedient to sell the land "he shall sell the same for the best sum and upon the best terms he is able to obtain." It seems to us contrary to the express intent of Peter Heiser, the grantor, that it was ever contemplated by him that a court should order involuntary partition or public and statutory sale of the land he deliberately put in trust and clothed his trustee and successors with full power to sell at private sale when and on terms deemed expedient by such trustee. This intent we gather from the whole instrument, and, under section 5594, heretofore quoted, we must follow it unless it is not "consistent with the rules of law."

Section 9238, Comp. St. 1922, provides: "All tenants in common, or joint tenants of any estate in land may be compelled to make or suffer partition of such estate or estates in the manner hereinafter prescribed." In *Wicker v. Moore,* 79 Neb. 755, we held that partition will not lie in violation of restrictions imposed by the grantor in the terms of the trust created by him. In that case we declared: "And it has been expressly held that, where the will shows that the testator did not contemplate a division of the trust property, it should not be divided. *Outcalt v. Appleby,* 36 N. J. Eq. 73; *Blake v. Blake,* 118 N. Car. 575." Under our statute requiring intent to be derived from a deed, cases involving construction of wills devising real estate are applicable to construction of deeds. *Arthur v.*

*Arthur,* 115 Neb. 781, 786. We have held that only a joint tenant or tenant in common of real estate can maintain an action for its partition. *Phillips v. Dorris,* 56 Neb. 293; *Hurste v. Hotaling,* 20 Neb. 178, 182; *Barr v. Lamaster,* 48 Neb. 114.

The trial court held that each of the parties to the suit was the owner of an undivided interest in said lands. In this we think he erred, for even if, on the death of the trustee, Conrad Heiser, the legal title would not be held in abeyance, but would temporarily vest somewhere—whether in the heirs of Conrad Heiser or in the beneficiaries under the trust deed, we do not find it necessary to decide here— such title would be defeated by the paramount title proved by the trust deed on the trial in the district court. We base this upon the general principles of law relating to the intent of the grantor and upon section 9275, Comp. St. 1922, which says: "The judgment of partition shall be presumptive evidence of title in all cases, and as between the parties themselves it is conclusive evidence thereof, subject, however, to be defeated by proof of a title paramount to, or independent of, that under which the parties held as joint tenants or tenants in common." The question of title of the successful parties below was resisted by the appellants. The purpose of the appeal is to determine whether the trial court was right in that regard. We think that it erred in finding that the parties were tenants, either joint or in common, of the lands, if that was the effect of his judgment that they each held an undivided interest as owners of the land, and that, in the face of the paramount title evidenced by the trust deed, it erred in ordering a partition of the land. We are of the opinion that, where a trust deed grants active trust powers to the trustee, his successors and assigns, for the use of beneficiaries named in the trust deed, with power to pay the rents and profits of the land to the beneficiaries and to sell and convey the land at such time and on such terms as his judgment and discretion deem expedient, where the trustee accepts the trust and dies before carrying out in full the terms of the trust,

it is error for a court to order a partition of the land at the instance of some of the beneficiaries and over the objection of other beneficiaries who pray that a successor in trust be appointed to carry out the provisions of such trust deed. In this case the court should have granted the prayer of the cross-petitioners and should have appointed a successor in trust to Conrad Heiser with directions to carry out the terms of the trust deed. Such a judgment would have insured the carrying out of the true and plain intent of Peter Heiser when he executed and delivered the trust deed, intending that Conrad Heiser or his successors would care for and dispose of this land in accordance with the grantor's plans.

For the reasons stated, the judgment of the district court is reversed, with instructions to grant the prayer of the appellants and to appoint a successor in trust under the deed, with directions to secure an accounting of the profits from the land and otherwise to carry out the terms of the trust as defined in the deed.

REVERSED.