MARY J. COE, APPELLEE, CROSS-APPELLEE, V. J. M. TALCOTT, APPELLANT, CROSS-APPELLEE: KATHERINE F. SHEAN, CROSS-APPELLANT.

FILED DECEMBER 6, 1935. No. 29392.

*Mulvihill & Gilson,* for appellant Talcott.

*Weaver & Giller,* for cross-appellant Shean.

*Walter G. Badham,* for appellee Coe.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, PAINE and CARTER, JJ., and MUNDAY, District Judge.

GOOD, J.

This is an action for the cancelation of a mortgage for $1,600 on sublot 2 of lot 2, Porter Place addition to the city of Plattsmouth, Nebraska. The mortgage in question bears date September 3, 1929, and purports to be executed by Clarence M. Coe and his wife, Mary J., to J. M. Talcott and Frank R. Dehner. For some time prior to that date Coe and wife, as joint tenants, held legal title to the lot in question and occupied the premises as their homestead. The action was brought against J. M. Talcott, Frank

R. Dehner and Katherine F. Shean. Defendant Shean claims to be the owner under assignment from the mortgagees.

Cancelation was sought on the ground that the mortgage had been procured by fraud and had not been acknowledged by either of the Coes, and for the latter reason, it was alleged, the mortgage was void. Talcott answered, denying that the mortgage was obtained by fraud, and alleged that it was duly executed and acknowledged before a notary public by both Coe and wife. Defendant Shean filed answer and cross-petition, alleging that she was the owner and holder of the mortgage and note for $1,600 secured thereby, and prayed foreclosure.

Prior to the trial Clarence M. Coe departed this life, and Mary J. Coe became the sole owner of the legal title to the mortgaged premises. She filed replies to the answer of defendant Talcott and the answer and cross-petition of defendant Shean, in which she denied that either she or Clarence M. Coe had signed the note for $1,600, which the mortgage purported to secure, and alleged that, if their signatures appeared thereon, they were obtained by some device or fraud unknown to her, and alleged that at the time the note and mortgage were purported to have been executed Coe and wife were indebted to Dehner and Talcott in the sum of $800 and no more. At the trial the case was dismissed as to defendant Dehner. Trial of the issues resulted in a decree finding generally for plaintiff, canceling the mortgage and dismissing the cross-petition of defendant Shean. Defendant Talcott and defendant and cross-petitioner Shean have appealed.

Dehner and Talcott were sons-in-law of the Coes. There is a conflict in much of the evidence relating to the pertinent facts. The following facts are fairly reflected from the record, without substantial dispute:

Coe and wife owned and lived on a farm in Iowa which they were about to lose unless certain payments could be made. Talcott advanced money to the Coes with which to make the payments. A little later it was found that

other money would have to be advanced to save the farm, and Talcott advanced that money to the Coes. Then the Coes, aided by Talcott, traded the farm in Iowa for one in Missouri. An additional fund was required to finance the Coes in their new home which was advanced by Talcott. Dehner then took over a half interest in the obligation of the Coes. A mortgage in favor of Talcott and Dehner for $1,400 was executed by the Coes upon the Missouri farm. Additional money had to be advanced for the purpose of making certain improvements on the Missouri farm, which money Coe and Dehner apparently furnished. Later the Missouri farm was traded for the house and lot in Plattsmouth.

In the exchange of the Missouri property for the house and lot in Plattsmouth, the Coes received a second mortgage upon the Missouri land for $800, which was assigned to Talcott and Dehner as a credit upon the amount owing to them. It appears that some expense was incurred in effecting the transfer of the property in Missouri for that in Nebraska; that some improvements and repairs had to be made upon the Nebraska property, and that Talcott and Dehner advanced the funds for this purpose. As to the amount that was due at the time the note and mortgage were executed there was a difference in the testimony.

Mrs. Coe first testified that there was only $800 due, but later testified: "Well, I wouldn't say that it wasn't nor I wouldn't say that it was for the $1,600." Mrs. Dehner testified that there was only $800 due, but the source of her information is not disclosed, and it appears to be her conclusion rather than any actual knowledge that she had. Mr. Dehner was called as a witness for plaintiff, but did not testify as to the amount due himself and Talcott from the Coes. Talcott testified as to the time and amounts of the several advancements made, and produced a memorandum showing where the amount had been computed, which was slightly in excess of $1,600, due at the time the note and mortgage in controversy were executed. He testified that he made the mortgage for $1,600. His

evidence appears straightforward, and in a number of instances documents were produced which corroborate his testimony.

Mrs. Coe acknowledged the signatures of herself and husband on the 1,600-dollar note, but did not know when or how she came to sign the same, according to her testimony. Her testimony in some instances is contradictory; in other instances it shows that her memory was defective to such an extent as to seriously affect the weight of her evidence.

The mortgage purports to be acknowledged before J. Leeka, a notary public. Mr. Leeka was a lawyer, and at the time had an office adjoining the office of Mr. Talcott in the same building in Omaha. He testified that the acknowledgments were taken before him; that Mr. Coe signed and acknowledged the mortgage in his office; that on the following day he went with Mr. Talcott to the Talcotts' home where Mrs. Coe was, and that she there signed and acknowledged the mortgage before him. Mrs. Coe admitted that the instrument was signed at the home of the Talcotts. She admitted her signature and that of her husband to the note for $1,600, and also their signatures to the mortgage, but denied that Mr. Leeka had taken her acknowledgment to the mortgage. Talcott also testified that Mr. Coe acknowledged the mortgage before Leeka in Leeka's office. Mrs. Talcott testified that she was present when Mrs. Coe signed the mortgage, and that she acknowledged the same before Leeka. Mrs. Coe further testified that the instrument, when she signed it, was a blank piece of paper, with nothing thereon, while Mrs. Talcott testified that, while she did not read it, she did know that it was a filled-out instrument. It may also be observed that Mr. Dehner, who seems to have been friendly to the plaintiff in this controversy and who was a witness, testified that he signed and acknowledged the assignment of the mortgage to defendant Shean.

Section 20-1925, Comp. St. 1929, reads: "In all appeals from the district court to the supreme court in suits in equity, wherein review of some or all of the findings of fact

of the district court is asked by the appellant, it shall be the duty of the supreme court to retry the issue or issues of fact involved in the finding or findings of fact complained of upon the evidence preserved in the bill of exceptions, and upon trial *de novo* of such question or questions of fact, reach an independent conclusion as to what finding or findings are required under the pleadings and all the evidence, without reference to the conclusion reached in the district court or the fact that there may be some evidence in support thereof."

We have, however, frequently held that in this class of cases the court, in reaching its own conclusions, will consider the fact, where the evidence is in conflict, that the trial court saw the witnesses and had an opportunity to observe their manner of testifying. Notwithstanding this rule, we are convinced, from a consideration of all the testimony, that the charge that the note and mortgage were obtained by fraud is not sustained by a preponderance of the evidence.

With reference to the acknowledgment, the rule of law is: "A certificate of acknowledgment of a deed or mortgage, in proper form, can be impeached only by clear, convincing, and satisfactory proof that the certificate is false and fraudulent." *Phillips v. Bishop*, 35 Neb. 487, 53 N. W. 375. Instead of the evidence being clear, convincing, and satisfactory that the certificate is false, the preponderance of the evidence, in the instant case, seems to be to the contrary.

We are of the opinion that the trial court erred in finding that the mortgage in question was obtained by fraud, and that it was not duly acknowledged.

The judgment of the district court is reversed, and the cause remanded, with directions to enter a decree in conformity with this opinion, and to enter a decree of foreclosure of the mortgage in favor of cross-petitioner Shean.

REVERSED.