BESSIE TROWBRIDGE, APPELLEE, V. JENNIE DONNER ET AL., APPELLANTS.

40 N. W. 2d 655

Filed January 19, 1950. No. 32678.

*Elven A. Butterfield* and *Russell Bartels,* for appellants.

*Ralph M. Kryger* and *Ralph S. Kryger,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

·This action was brought to partition a 120-acre tract of unimproved farm land. Admittedly, plaintiff and her sister, defendant Jennie Donner, each owned an undivided one-half interest therein, as tenants in common. Defendants Forrest Trowbridge and Ernest Donner, who both defaulted, were their respective husbands and interested only as such. Defendants Robert L. Edwards and John Donner, a son of defendant Jennie Donner, answered, claiming an interest as tenants of the entire tract under an oral lease expiring March 1, 1949, and a written lease from March 1, 1949, to March 1, 1950.

The right to partition was not questioned, but the method was the primary issue presented to the trial court. In that regard, plaintiff alleged substantially in her petition that it was impossible to partition in kind without great prejudice to the owners, and she prayed for partition in kind or sale of the property with division of the proceeds. On the other hand, defendant Jennie Donner answered, alleging substantially that the property could and should be partitioned in kind without great prejudice to the owners, proposed two alternate methods of doing so in equal 60-acre tracts, and offered to give plaintiff her choice thereof as so divided. She prayed for partition in kind and denial of sale.

After hearing, a judgment was entered, confirming the shares and interests of plaintiff and defendant Jennie Donner, together with the respective contingent interests of their husbands. That decree then ordered partition, appointed a referee, directed him to report to the court, and continued the issues involving the alleged leasehold interests.

The referee qualified, and thereafter, without personal inspection of the premises and without making any independent investigation with regard to whether or not there were variable elements of evaluation as between division and sale, reported substantially that the property could not be partitioned in kind without great prejudice to the owners, and recommended sale as one tract, with division of the proceeds.

A hearing was then had upon the referee's report, plaintiff's oral motion to confirm the same, and defendants' oral objections thereto, whereat evidence was adduced at length by all the parties. Thereafter, a decree was entered, finding that partition in kind could not be made without great prejudice to the owners, finding that the alleged leasehold agreements were made with defendant Jennie Donner only, without the knowledge, consent, or authority of plaintiff, and thus in no manner affected plaintiff's interest but only the interest of Jennie Donner. The order confirmed the referee's report and ordered the property sold, free from any encumbrance, thus requiring defendants John Donner and Robert L. Edwards to look to defendant Jennie Donner for any damages that may have been sustained by reason of the alleged leasehold agreements. The referee was directed to sell the property to the highest bidder for cash as one tract, or in two separate alternate 60-acre tracts, or in any other manner that prospective buyers might desire. Referee's bond was fixed, approved, and filed. Thereafter, defendants' motion for new trial was overruled, and supersedeas properly denied, upon the ground that the decree ordering partition

and sale was not appealable as a final order until partition was effected and confirmed. Peterson v. Damoude, 95 Neb. 469, 145 N. W. 847.

Thereafter, notice of sale was published, and sale was had, whereat the property was sold to plaintiff as one tract for $14,000, and report of such sale was filed by the referee, recommending confirmation. Objections thereto were filed by defendants upon the grounds that: (1) The property was not sold to the highest bidder; (2) the sale was not fairly conducted; (3) the premises were not sold subject to the 1949 lease; and (4) the property should have been partitioned in kind.

Hearing was thereafter had upon the referee's report of sale, plaintiff's oral motion to confirm, and defendants' objections, at which time further evidence was adduced. Thereupon, the trial court entered an order in effect overruling defendants' objections, confirming the sale, and ordering the referee to convey the property to plaintiff upon compliance with her bid.

Defendants filed a comprehensive motion for new trial, which was overruled, and they appealed, assigning substantially that the findings, orders, and judgments of the trial court were not sustained by the evidence and were contrary to law, the effect of which was to particularly contend that the trial court erred in finding and adjudging, under the facts and circumstances presented, that the property could not be partitioned in kind without great prejudice to the owners, and erred in disposing of the alleged leasehold interests. We conclude that the property should have been partitioned in kind, and that the alleged leasehold interests were of no force and effect upon plaintiff's interest.

With regard to the leasehold interests, admittedly John Donner was originally a tenant of the entire estate under an oral lease for one year, made with defendant Jennie Donner and subsequently ratified by plaintiff. By holding over, he became a tenant from year to year, which tenancy expired March 1, 1949.

Admittedly, also, by timely notice and the bringing of this action, that tenancy was terminated as of March 1, 1949.

The record discloses that if John Donner and Robert L. Edwards were partners, as claimed by them, plaintiff had no notice or knowledge thereof, or that Robert L. Edwards ever claimed to be a tenant until in August 1948, at or about the time this action was filed. As will be hereinafter observed, if Jennie Donner ever entered into an oral lease of the entire property with Robert L. Edwards as lessee, it was done without plaintiff's knowledge, consent, authority, or subsequent ratification, and was of no force and effect as to plaintiff's interest if she so elected, as was done by the bringing of this action.

In that connection, the written lease of the entire property from March 1, 1949, to March 1, 1950, entered into by Jennie Donner with John Donner and Robert L. Edwards on July 23, 1948, was admittedly executed without plaintiff's knowledge, consent, authority, or subsequent ratification. Therefore, it could have no force and effect upon plaintiff's interest. Also, a written lease of Jennie Donner's undivided one-half interest in the property from March 1, 1948, to March 1, 1968, purportedly entered into by her with John Donner on March 5, 1948, which appeared in the record only as an evidentiary matter as distinguished from an issue, would fall within the same category and would be in no manner binding upon plaintiff's interest.

In other words, the aforesaid leases and all of them were either terminated or of no legal force and effect upon plaintiff's interest in any event, but were binding, if at all, only upon the interest of defendant Jennie Donner. Therefore, upon partition in kind, plaintiff's property should be declared in every respect free and clear of such leases, or alleged rights accruing thereunder.

In that connection, it is well established that a lease

by one tenant in common of an entire estate is void as to the interests of his cotenants, if such lease was executed without their knowledge, consent, authority, or subsequent ratification. Jackson v. O'Rorke, 71 Neb. 418, 98 N. W. 1068. In that opinion, it was said: "While such a lease as this may be upheld under certain conditions in a contest between the lessor and the lessee, yet, it is universally held that such a lease may be avoided by any of the tenants in common who did not execute it or subsequently ratify its execution. And, where a lease is executed by one tenant in common of the entire estate for a term of years, and such lease is repudiated by the cotenants, the lessee in the lease is held to be not a trespasser but a tenant by sufferance of the estate occupied under such lease. Rising v. Stannard, 17 Mass. 282; Tainter v. Cole, 120 Mass. 162; Gear, Landlord and Tenant, sec. 49. In other words, the lessee of one tenant in common stands in the shoes of his lessor, and has no other or greater rights in the common property than that attaching to his lessor. It would be paradoxical to say that a tenant in common in possession of the estate might contract with himself to occupy the estate for a period of years, and defeat the right of partition of the estate by his cotenants by such an act." See, also, 62 C. J., Tenancy in Common, § 214, p. 536, § 217, p. 538; 14 Am. Jur., Cotenancy, § 87, p. 153.

At common law, cotenants were entitled to partition in kind, if so demanded, by appropriate proceedings, regardless of the hardships or difficulties arising therefrom. Therefore, statutes were almost uniformly enacted, giving parties entitled to partition the right to sale of the property and proportionate division of the proceeds in those cases where partition in kind could not be made without great prejudice to the owners. 47 C. J., Partition, § 437, p. 443; 40 Am. Jur., Partition, § 83, p. 72. This state has enacted such statutes, prescribing the procedure to be followed and the method and manner of partition, dependent upon the facts and

circumstances of each particular case presented. Sections 25-2170 to 25-21,111, R. R. S. 1943.

In Phillips v. Dorris, 56 Neb. 293, 76 N. W. 555, this court said: "The object of a partition suit is to assign property, the fee simple title to which is held by two or more persons as joint tenants, or tenants in common, to them in severalty." See, also, 47 C. J., Partition, § 47, p. 287; 40 Am. Jur., Partition, § 2, p. 4. Also, in such cases section 25-2182, R. R. S. 1943, gives a trial court the power to direct the referee to allot particular portions of the land to particular individuals. McClave v. McClave, 60 Neb. 464, 83 N. W. 668. On the other hand, unless so allotted, the shares may be drawn by lot, as provided by section 25-21,102, R. R. S. 1943.

It is generally the rule that: "As between a partition in kind or sale of land for division, the courts will favor a partition in kind, since this does not disturb the existing form of inheritance or compel a person to sell his property against his will, which, it has been said, should not be done except in cases of imperious necessity." 47 C. J., Partition, § 436, p. 442. Viewed in that light, it is generally held that until the contrary is made to appear, the presumption prevails that partition in kind is feasible and should be made, and that the burden is on those who seek a sale of the property in lieu of partition in kind, to show the existence of a statutory ground for such sale. On the other hand, however, the character and location of the property, or the amount of the interest sought to be assigned, or both, may be such that it will be presumed that partition in kind cannot be made. 47 C. J., Partition, § 472, p. 457; 40 Am. Jur., Partition, § 83, p. 72. The latter sentence has no application, however, in the case at bar.

It is pertinent, also, that a sale in partition cannot be decreed merely to advance the interests of one of the owners, but that before ordering a sale the court must judicially ascertain that the interests of all will be promoted, thereby bearing in mind that the "generally

accepted test of whether a partition in kind would result in great prejudice to the owners is whether the value of the share of each in case of a partition would be materially less than his share of the money equivalent that could probably be obtained for the whole." 40 Am. Jur., Partition, § 83, p. 74.

In Heiser v. Brehm, 117 Neb. 472, 221 N. W. 97, this court concluded that the effect of section 25-2181, R. R. S. 1943, and section 25-2183, R. S. Supp., 1949, was to make uncertain whether the property should be partitioned in kind or sold and the proceeds distributed until a judicial determination of that issue was made by the court.

The statutory procedure in partition was briefly outlined and discussed in Burke v. Cunningham, 42 Neb. 645, 60 N. W. 903. In doing so, the court concluded, in effect, among other things, that it was the statutory duty of the referee in the first instance to report to the court whether or not it appeared that partition in kind could be made without great prejudice to the owners, but that when such report was filed it became the duty of the trial court to hear and judicially determine that issue.

That procedure was followed in the case at bar, and evidence was adduced at length by both parties upon the question of whether the referee's report should be approved and sale ordered as claimed by plaintiff, or whether the referee should be ordered to partition in kind, as claimed by defendant Jennie Donner. In that connection, it is generally the rule that an adjudication by the trial court that the conditions are such as to require a sale, should not be treated lightly, yet if it appears that the property has been decreed to be sold without sufficient cause, it is the duty of the appellate court to reverse the order or judgment. 40 Am. Jur., Partition, § 83, p. 74.

Plaintiff, relying upon Smith v. Palmer, 91 Neb. 796, 137 N. W. 843, argued that the allegations in her petition that the property could not be partitioned in kind

without great prejudice to the owners, and defendants' allegations in the answer that it could be partitioned in kind without great prejudice to the owners, raised no controverted issue of fact for determination by the court. That case, however, is distinguishable not only upon the facts but also the law. Therein no exception was ever taken to the report of the referee, and the court approved such report without further hearing. Therein, sale was ordered, held, and confirmed, and the proceeds were ordered distributed after payment of costs, including an attorney's fee for plaintiff's attorney. In that situation, defendants never filed a motion for new trial or appealed from the judgment. They did move to retax costs and modify the judgment by charging the attorney's fee to plaintiff, upon the ground that the proceedings were adversary. The trial court sustained that motion and entered an order retaxing costs accordingly. This court, upon appeal therefrom, reversed that judgment upon the ground that under the particular circumstances presented therein, the matter in dispute was not a controverted issue, but related only to procedure regulated by statute, and did not "make the proceedings adversary within the meaning of the rule that the trial court may allow plaintiff's attorney a reasonable fee to be paid out of the common fund, where the proceedings are amicable."

In the case at bar, there was a further lengthy hearing upon the referee's report, plaintiff's oral motion to confirm, and defendants' oral objections thereto. True, defendants did not file written objections, but the statute does not so require, and the hearing was had upon the issues timely raised as aforesaid for the first time, and an order was entered without objection by plaintiff, in the same manner as if defendant had filed written objections. Further, defendants filed motion for new trial, preserving the issue, and when that was overruled, appealed to this court from the orders and judgment of the trial court. Contrary to plaintiff's contentions, we

conclude that it was a controverted issue for determination by the trial court and by this court on appeal. Burke v. Cunningham, *supra;* Heiser v. Brehm, *supra.*

Section 25-1925, R. R. S. 1943, requires this court in equity cases to "retry the issue or issues of fact involved in the finding or findings of fact complained of upon the evidence preserved in the bill of exceptions, and upon trial de novo of such question or questions of fact, reach an independent conclusion as to what finding or findings are required under the pleadings and all the evidence, without reference to the conclusion reached in the district court or the fact that there may be some evidence in support thereof."

This court has held that, in reaching its own conclusions in such cases, this court will consider the fact, where the evidence is in irreconcilable conflict on material issues of fact, that the trial court saw the witnesses and had an opportunity to observe their manner of testifying. O'Brien v. Fricke, 148 Neb. 369, 27 N. W. 2d 403. Notwithstanding the foregoing rule, however, it is the duty of this court, if the party upon whom the burden is imposed has failed to establish his case by a preponderance of the evidence, to so find and reverse the judgment. Coe v. Talcott, 130 Neb. 32, 263 N. W. 596; Ericson v. Nebraska-Iowa Farm Investment Co., 134 Neb. 391, 278 N. W. 841; Goodwin v. Freadrich, 135 Neb. 203, 280 N. W. 917.

In the light of the foregoing rules, we have examined the record. Concededly, the property was 120 acres of good farm land, sloping slightly to the south and east, 117.1 acres of which was under cultivation, with 2.9 acres classified as waste land, taken up by roads, fences, or buildings, of which there was only a removable corn crib on the northeast 40, belonging to defendant Jennie Donner. However, it could not be classified as lasting and permanent improvements, as in Carson v. Broady, 56 Neb. 648, 77 N. W. 80, 71 Am. S. R. 691. The tract was shaped like an inverted "L", with a road running one-

half mile both along the north and west sides. Its technical description appears in the petition, but will not be repeated here. For clarity, it will be described as three 40-acre tracts, to wit: The northeast 40, the northwest 40, and the southwest 40.

The northeast 40 and the southwest 40 are almost identical in soil, contour, and value, although there is some evidence that the northeast 40 is a slightly better tract. The northwest 40 is higher in contour, particularly the northwest corner, and its soil is best along the east and south sides, although not generally as good as the other two tracts. However, the difference in crops raised in a normal year upon any one of the three has not been substantial.

Plaintiff adduced some competent evidence, but not a preponderance thereof, that the property could not be partitioned in kind without material loss to the owners, because if sold as an entirety, it would be more valuable and return more money to the owners than it would if divided into two 60-acre tracts by partition in kind.

On the other hand, however, the record contains almost overwhelming competent evidence that the property could be partitioned in kind without any prejudice, much less great prejudice, to the owners, by dividing the property equally in either one of two ways. Thus, the property could be partitioned in kind by placing the northeast 40 plus the east half of the northwest 40 in one tract, and placing the southwest 40 plus the west half of the northwest 40 in another, or, in the alternative, by placing the northeast 40 plus the north half of the northwest 40 in one tract, and the southwest 40 plus the south half of the northwest 40 in another. The latter division, as disclosed by the evidence, would make the tracts entirely equal in value, and just to both owners.

In that regard, also, the record discloses that the property was sold to plaintiff as one entire tract for $14,000, although when offered for sale by the referee in two equal 60-acre tracts, defendant Jennie Donner bid $7,050

for the southwest 40 plus the south half of the northwest 40, and another person bid $6,950 for the northeast 40 plus the north half of the northwest 40, which two sums totalled exactly $14,000, plaintiff's bid for the whole tract. The referee's report of sale, and evidence adduced by plaintiff in support of its confirmation, both reflect the foregoing evidence, which the trial court should have considered, and this court has considered in making its final decision.

We conclude that the trial court should have partitioned the property in kind, by dividing it into two separate 60-acre tracts, to wit: The northeast 40 plus the north half of the northwest 40, described as the northeast quarter northwest quarter and north half northwest quarter northwest quarter of Section 34, Township 24, Range 7, and the southwest 40 plus the south half of the northwest 40, described as southwest quarter northwest quarter and south half northwest quarter northwest quarter of Section 34, Township 24, Range 7. It will be remembered that Jennie Donner both pleaded in her answer and testified during the trial that plaintiff could have her choice thereof.

Therefore, the judgment is reversed and remanded, with directions that the trial court set aside the order of sale and sale, order partition in kind in the manner just heretofore described, direct the referee to convey to plaintiff her choice of either of the two aforesaid 60-acre tracts, free and clear of all interests or encumbrances, with the right to possession thereof, and to convey to defendant the other 60-acre tract, subject to the leasehold rights, if any, of defendants John Donner and Robert L. Edwards, or either of them. Thereafter, the referee's report thereof should be approved and title of such respective owners should be separately quieted in them as aforesaid.

REVERSED AND REMANDED WITH DIRECTIONS.