REQUESTED BY: Ronald D. Moravec, Cass County Attorney, Plattsmouth, Nebraska.
Is a deed issued by a referee in a partition action after sale of the property at public auction required to bear the documentary stamps provided for by sections 76-901 to76-907, R.R.S. 1943, as amended?
Yes.
As we understand your question, a partition action has been filed pursuant to sections 25-2170 to 25-21,111, R.R.S. 1943. A referee has been appointed, who, we presume, has made a report as specified in section 25-2181 that partition cannot be made without great prejudice to the owners, and the court has entered an order, pursuant to section 25-2183, that the referee sell the premises. The sale has been held, and the referee is now required to execute a deed to the purchaser, and the question is whether that deed must provided for by Chapter 76, art. 9, of provided for by Chapter 76, art. 9. of the Nebraska statutes.
Section 76-902, R.R.S. 1943, as amended, provides that the tax imposed by section 76-901 shall not apply to `deeds of partition.' Is a referee deed in a partition action a `deed of partition?' Section 76-902 is, of course, an exemption statute. In construing it we are governed by the usual rule that provisions for exemption from taxation are to be strictly construed, that their operation should not be extended by construction, that the power and right of the state to tax is presumed, and that the exemption must be clearly granted. See Lincoln Woman's Club v. City ofLincoln, 178 Neb. 357, 133 N.W.2d 455 (1965).
As was pointed out in Trowbridge v. Donner, 152 Neb. 206,40 N.W.2d 655 (1950), at common law cotenants had an absolute right to partition in kind, regardless of hardships or difficulties. Thereafter, statutes such as sections25-2170 to 25-21,111 were enacted to permit the sale of the property and division of the proceeds. We find nothing, however, which indicates that a deed given by the referee in such a situation is `a deed of partition.'
In the first place, to give the statute such a construction would create an anomaly. Suppose all of the cotenants agreed to hold an auction sale, execute a deed to the purchaser, and divide the proceeds. Surely no one would argue that that deed would qualify under the exemption in question. Yet, the referee's deed performs a similar function, of conveying all of the interests of the cotenants to the purchaser.
Second, the statutes seem to make a distinction between partition of the property and sale of the property. For example, section 25-2181 provides that:
 "If it appears to the referee or referees that partition cannot be made without great prejudice to the owners, they shall so report to the court."
Section 25-21,100 provides that `when partition is deemed proper' the referee shall make out the shares by visible monuments. Section 25-21,103 draws a clear distinction between partitioning the property and selling it. Section25-21,110 provides:
 "Persons having contingent interests in such property may be made parties to the proceedings, and the proceeds of the property so situated (or the property itself, in case of partition) shall be subject to the order of the court until the right becomes fully vested."
It is therefore apparent that the Legislature, in enacting sections 25-2170 to 25-21,111 drew a clear distinction between partitioning property, that is, giving each cotenant a deed to his proportionate share of the entire property, and selling it and dividing the proceeds. Under those circumstances, we cannot construe a referee's deed as being a deed of partition, as that term is used in section76-902.