(17 Misc. Rep. 162)

## PEOPLE ex rel. PLOT v. POLY.

### (Court of General Sessions, New York County. May, 1896.)

REFORMATORIES—RELIGIOUS DENOMINATION.

Pen. Code, § 291, provides that any child arrested for associating with thieves, prostitutes, etc., may be committed to a reformatory, and, "when practicable, to such as is governed by persons of the same religious faith as the parents of the child." Laws 1882, c. 410 (Consolidation Act) § 1406, as amended by Laws 1886, c. 353, provides for the commitment of children to certain reformatories in the city of New York, and requires commitments, when practicable, to be to an institution of the same religious faith as the person committed. *Held*, that the provisions in regard to the religious denomination of the reformatories impose an absolute duty on the committing magistrate, and the mere statement by him that it was impracticable is not sufficient, unless sustained by the facts.

Appeal from judgment of magistrate.

Lucy Poly was committed by a magistrate to the Protestant Episcopal House of Mercy, and from the judgment of commitment she appeals. Reversed.

David McClure, for appellant.

Elbridge T. Gerry, for Society for the Prevention of Cruelty to Children.

George Gordon Battle, Asst. Dist. Atty., for police magistrate.

John B. Pine, for House of Mercy.

NEWBURGER, J. On the 12th of March, 1896, the defendant, Lucy Poly, a girl of the age of 15 years, was committed by Magistrate Robert C. Cornell to the Protestant Episcopal House of Mercy,

under a judgment of commitment, on the ground that said Lucy Poly had been found in a house of reputed prostitution, associating with vicious and dissolute persons. From this judgment of commitment the present appeal is taken.

It appears that on the 11th day of March, 1896, the said Lucy Poly was found in a reputed house of assignation, associating with vicious and dissolute persons, and was arrested at the instance of one of the agents of the Society for the Prevention of Cruelty to Children. On the 12th of March, 1896, she was brought before the Honorable Robert C. Cornell, one of the magistrates of the city of New York. One of the agents of the society, as well as the aunt of the defendant, Lucy Poly, appeared before the magistrate and stated that the girl, Lucy Poly, her parents and guardian, were and had been members of the Roman Catholic Church. It is claimed on behalf of the appellant that after such statement the magistrate's advice was to have the defendant committed to the House of Mercy, a Protestant institution, instead of the House of the Good Shepherd, a Catholic institution. The return of the magistrate admits all the material statements contained in the notice of appeal, also that he had knowledge that the parents, the guardian, and the said Lucy Poly were members of the Roman Catholic Church, but returns that in his opinion there was evidence of the impracticability of committing the said Lucy Poly to the House of the Good Shepherd, and that he knew the House of the Good Shepherd was an institution governed by persons of the same religious faith as the parents and guardian of the said child, and of the said child herself. The act under which the judgment of commitment is alleged to have been made is section 1466 of chapter 410, Laws 1882, and as amended by chapter 353, Laws 1886. Section 1466 of the consolidation act, and section 291 of the Penal Code, are in no wise conflicting. Section 291 of the Penal Code is broader than section 1466 of the consolidation act, applying as it does to the entire state. By its terms, under subdivisions 4 and 5—

"Any child, actually or apparently under the age of sixteen years, found frequenting or being in the company of reputed thieves or prostitutes, or in a reputed house of prostitution or assignation, or living in such a house, either with or without its parents or guardian, must be arrested and brought before a proper court or magistrate, who may commit the child to any incorporated charitable, reformatory or other institution, and when practicable, to such as is governed by persons of the same religious faith as the parents of the child; or may make any disposition of the child such as now is or hereafter may be authorized in the cases of vagrants, truants, paupers or disorderly persons, but such commitment shall, so far as practicable, be made to the said charitable or reformatory institutions."

By the terms of section 1466 of the consolidation act, it is provided that:

"When it shall be proved to the satisfaction of a committing magistrate in the city of New York that any female over the age of twelve years is found in a reputed house of prostitution or assignation, or in company with or frequenting the company of thieves or prostitutes, or is found associating with vicious or dissolute persons, or is willfully disobedient to parent or guardian, such magistrate may adjudge that it is for the welfare of such female that she be placed in a reformatory, and may thereupon commit such female to one of the following reformatory institutions, namely: The Protestant

Episcopal House of Mercy, the Roman Catholic House of the Good Shepherd, or the Magdalen Female Benevolent Asylum and Home of Fallen Women, which said institutions are hereby severally authorized to receive and hold females committed under this act."

### Subdivision 2 of section 1466 of the consolidation act provides:

"Whenever any of such institutions is unable for any reason to receive females or any class of females committed under this act, it shall be the duty of such institutions to forthwith notify the committing magistrates in the city of New York as to what class or classes of females can be received by such institution and as to what class or classes cannot be received by such institution."

### Subdivision 3 of section 1466 provides that:

"Commitments made under this act shall state the name and age of the female so committed, together with the cause of her commitment, and shall designate the institution to which she is committed, which institution shall, when practicable, be one which is conducted by persons of the same religious faith as such female."

It is evident from reading these acts that the legislature intended to impose upon magistrates an absolute duty to commit persons guilty of the offenses named to institutions of the same religious faith as such persons or their parents, whenever practicable. The return of the committing magistrate concedes that the child's parents were of the Catholic faith, but, in a statement not supported by facts, claims that he found it impracticable to make the commitment of the child to a Catholic institution, and therefore committed her to a Protestant institution. The word "impracticable" has been so often defined that there can be no doubt as to its meaning. A standard dictionary of the English language gives this definition of "impracticable": "Incapable of being effected, from lack of adequate means; impossible of performance; not feasible." There is a Catholic institution, known as the "House of the Good Shepherd," authorized by law to receive children committed by magistrates. It was therefore practicable to have sent Lucy Poly to that institution. There was no evidence that would warrant the magistrate in finding that the institution was overcrowded, or that it refused to receive Lucy Poly under a commitment from any of the magistrates of this city, and therefore it was not impracticable. The mere statement of the committing magistrate that it was impracticable, unless borne out by facts, would not warrant him in depriving the child of the care and religious training of those who the law says should be her proper guardians. The good work accomplished by the House of the Good Shepherd and the House of Mercy demonstrates the wisdom of the legislature in passing an act such as this, which provides that the young shall receive the religious training of the church of their parents. The legislature has made such a provision, and it was the duty of the magistrate, having found the defendant to be a proper person to commit to a reformatory institution, to have committed her to the House of the Good Shepherd, a Catholic institution of the religious faith of the defendant and her parents.

The judgment appealed from must therefore be reversed, and an order entered directing the defendant to be committed to the House of the Good Shepherd. Ordered accordingly.