GERTRUDE M. JACKSON ET AL., APPELLEES, V. MINNIE
    JACKSON O'RORKE ET AL., APPELLEES, IMPLEADED
    WITH JOHN HARER ET AL., APPELLANTS.

FILED MARCH 17, 1904. No. 13,472.

1. **Administrator: LEASE.** An administrator has no authority to lease
   the lands of his intestate after the payment of the debts and final
   settlement of the estate.

2. **Guardian: LEASE.** A guardian may lease the ward's lands for the
   term of his guardianship, but any excess in such lease beyond
   such term will be void at the election of the ward on attaining his
   majority.

3. **Tenant in Common: LEASE.** A lease by one tenant in common of
   an entire estate is void as to the interest of his cotenants.

4. **Dower.** An unassigned dower interest in land is not the subject of
   a leasehold contract conveying any interest in the lands.

APPEAL from the district court for Gage county:
CHARLES B. LETTON, JUDGE. *Reversed with directions.*

*E. O. Kretsinger,* for appellants.

*R. W. Sabin,* contra.

OLDHAM, C.

On the 6th day of February, 1893, George W. Jackson
died intestate, seized in fee of 200 acres of land situated
in Gage county, Nebraska. He left surviving him his
wife, Minnie Jackson, now Minnie Jackson O'Rorke, and
three minor children, Gertrude M., Edna L. and Leonard
D. Jackson. His widow was appointed and duly quali-
fied as administratrix of the estate, and also as guardian
of each of the minor heirs. In 1894 the widow, as ad-
ministratrix, made final settlement and distribution of
the personal effects of the intestate, but was not formally
discharged by the county court as administratrix. It
appears that from the time of the death of the intestate,
the widow, as guardian and administratrix, had leased
the real estate from year to year until the year 1900, at

which time she executed a lease to John Harer and Elize Harer, defendants in the case at bar, for a period of 5 years beginning March 1, 1901, and ending March 1, 1906. The lease was signed by Mrs. O'Rorke in her individual name. At the time this lease was executed, Gertrude M. Jackson had attained her majority, being then 20 years of age; and shortly after the execution of the lease and before the institution of the instant suit, Edna L. Jackson attained her majority. Thereupon, Edna L. and Gertrude M. Jackson begun an action for partition of the real estate, making Minnie Jackson O'Rorke and Leonard D. Jackson, who is still a minor, and John Harer and Elize Harer parties defendant. The petition for partition alleged, in substance, that the plaintiffs and defendant, Leonard D. Jackson, were each entitled to a one-third interest in the real estate of the ancestor, subject to the dower interest of Minnie Jackson O'Rorke. Minnie Jackson O'Rorke answered admitting the allegations of plaintiffs' petition; Leonard D. Jackson, by his guardian *ad litem*, also filed an answer setting up the allegations of the petition and joining in the prayer for partition. The tenants, Harer and Harer, filed answer admitting the allegations of the petition as to the respective interests of the widow and heirs in the estate, but set up their rights as tenants to the occupancy of the premises during the term of the lease, and asked that when partition be made, it be made subject to their leasehold interest in the entire estate. On the issues thus joined, the court decreed a partition of the estate as prayed for by plaintiffs and the answering defendants, Minnie Jackson O'Rorke and Leonard D. Jackson, and appointed commissioners to partition the estate according to the decree, and continued the hearing on the answer and cross-petition of the lessees until a succeeding term of the court. The commissioners appointed reported that the estate was not susceptible of division in kind, and found that the interest of all the partitioners would be best subserved by a sale of the property. Issues were

then joined on supplemental pleadings between the partitioners and the lessees on the question of the validity of the lease. On the hearing of the cause, the court made certain findings of fact which are fully supported by the record, and which we adopt as our own independent findings, for the purpose of the disposition of this case. The first of these findings is that the administratrix of the estate had made final settlement of the estate in 1894, or 6 years before the execution of the lease to defendants Harer and Harer, but that she had never been formally discharged as administratrix until after the institution of the present suit. Second, that in the execution of the lease, Minnie J. O'Rorke, the administratrix and guardian, had intended to convey both her personal and representative interest in the estate to the lessees for a period of 5 years. Third, that at the time of the execution of this lease, Gertrude M. Jackson was of full age, and never consented to the lease; that after the execution of the lease and before the institution of this suit, Edna L. Jackson arrived at her majority; that Leonard D. Jackson was, and still is, and will remain a minor during the full term of the leasehold estate; and that Minnie Jackson O'Rorke was possessed of a consummate right of dower in the lands, which had not been admeasured at the time the lease was executed.

The court found, as conclusions of law from these facts, that the lease was null and void as to the interest of the plaintiff, Gertrude M. Jackson, and that it was terminated, so far as the interest of Edna L. Jackson was concerned, at the date of the bringing of this suit, but that the lease was still in full force and of binding effect so far as it concerned the undivided interest of defendant Leonard D. Jackson and the dower interest of defendant Minnie O'Rorke. The decree closed with an equitable distribution of costs which we think should not be disturbed.

From this decree an appeal was taken by defendants Harer and Harer, and the case is now here for trial *de novo* on the issues involved in their answer and cross-petition.

The first contention of appellants is based on what we regard as a very restricted view of the holding of this court in *Lewon v. Heath*, 53 Neb. 707, to the effect that an heir may bring a suit for the possession of the land of his ancestor against any and all persons, except the administrator of the estate and such as have a right thereto from the administrator. From this excerpt from the second paragraph of the syllabus of that case, appellants contend that the heirs can not maintain this action against the lessees of the administratrix. It will be remembered that the administratrix joined with the heirs in the petition for a partition and does not assert this assumed exemption; and an examination of the full text of the decision in *Lewon v. Heath, supra,* shows that the court hold that lands of an intestate descend to his heirs, and that the title vests in them subject only to the debts of the ancestor; and that under section 202 of the decedent's act, chapter 23, Compiled Statutes (Annotated Statutes, 5067), the administrator of the estate has a right to possession of the real estate of which his intestate died seized, and may collect the rents thereof until the debts are paid and the estate is finally settled, but the decision goes no further than this.

Now, it appears from the facts in the case at bar that all the debts of the estate had been paid, and distribution of the personal assets had been made by the administratrix nearly 6 years before the lease in dispute had been executed. We think, then, that under the doctrine set forth in *Lewon v. Heath, supra,* the right of the heirs to maintain an action for the possession of the real estate accrued on the payment of the debts and the final settlement of the administratrix, and that thereafter the administratrix, as such, was invested with no authority to further lease the real estate of her intestate. While it is true that an heir can not maintain an action against the administrator while rightfully in possession of the property of his intestate, or against one holding under him while in such rightful possession, yet, when the authority of the ad-

ministrator to lease the estate has ceased by reason of his final settlement and payment of the debts, if he, or anyone under him, attempt to wrongfully hold possession, they may be proceeded against by the heirs as any other trespasser.

The next question arising is, what, if any, right Minnie Jackson O'Rorke had to lease the lands of her intestate as guardian of the minor heirs. With reference to this right, it is well established that a guardian may lease the ward's lands during the term of his guardianship, but that any excess in such a lease beyond such term will be void at the election of the ward on coming of age. 2 Kent, Commentaries, 228; *Emerson v. Spicer,* 46 N. Y. 594; *Richardson v. Richardson,* 49 Mo. 29. Now, applying this doctrine to the facts at issue, it follows that Mrs. O'Rorke was without any authority whatever to execute the lease as guardian of the interest of Gertrude M. Jackson, and that, by the institution of this suit, Edna L. Jackson elected, as she had a right to do, to determine the lease so far as her interest in the property was concerned.

Then the question remains as to the effect of the lease on the interest of Leonard D. Jackson, who was a minor and will remain so during the term of the lease. For the purpose of executing this lease, Mrs. O'Rorke in her representative capacity stood in the position of one tenant in common attempting to lease the entire estate, without the consent of the other cotenants. While such a lease as this may be upheld under certain conditions in a contest between the lessor and the lessee, yet, it is universally held that such a lease may be avoided by any of the tenants in common who did not execute it or subsequently ratify its execution. And, where a lease is executed by one tenant in common of the entire estate for a term of years, and such lease is repudiated by the cotenants, the lessee in the lease is held to be not a trespasser but a tenant by sufferance of the estate occupied under such lease. *Rising v. Stannard,* 17 Mass. 282; *Tainter v. Cole,* 120 Mass. 162; Gear, Landlord and Tenant, sec. 49. In other

words, the lessee of one tenant in common stands in the shoes of his lessor, and has no other or greater rights in the common property than that attaching to his lessor. It would be paradoxical to say that a tenant in common in possession of the estate might contract with himself to occupy the estate for a period of years, and defeat the right of partition of the estate by his cotenants by such an act.

We therefore conclude that, if the guardian was authorized to lease these premises so far as the interest of her ward is concerned, she could only do so in such a manner as would work no injury to the other cotenants. And as the report of the commissioners in the case at bar shows that the property is not susceptible of division in kind, and as a sale of the premises will be necessary to subserve the best interests of the partitioners, we think the land should be sold, entirely unincumbered by her lease as guardian of Leonard D. Jackson.

The only other question to be considered is, what, if any, right Mrs. O'Rorke had to convey by lease her unassigned dower interest in the premises. The rule seems to be that the right of a dower unassigned is not the subject of a lease containing covenants which run with the land. It is true that a doweress, whose right has not been admeasured, may contract with one in possession of the land to forbear an assertion of her interest in the rents and profits of the land for a period of years, and such contract will be upheld as a personal obligation between the parties; but even though it be drawn in the form of a lease, it is not a contract that runs with the land. *Croade v. Ingraham,* 13 Pick. (Mass.) 33; Gear, Landlord and Tenant, sec. 3.

We therefore recommend that the judgment of the district court, so far as it decrees the lease of the defendants Harer to be in full force and effect for its full term as to the undivided interest of Leonard D. Jackson, and the unassigned dower interest of the defendant Minnie Jackson O'Rorke, be reversed, and that the cause be remanded, with directions to the district court to enter a judgment

directing a sale of the premises unincumbered by such lease, and decreeing the surrender and possession of the premises in question to the purchaser at such sale, when such sale shall have been duly confirmed by the said district court.

AMES and HASTINGS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court, so far as it decrees the lease of the defendants Harer to be in full force and effect for its full term as to the undivided interest of Leonard D. Jackson, and the unassigned dower interest of the defendant Minnie Jackson O'Rorke, be reversed, and that the cause be remanded, with directions to the district court to enter a judgment directing a sale of the premises unincumbered by such lease, and decreeing the surrender and possession of the premises in question to the purchaser at such sale, when such sale shall have been duly confirmed by the said district court.

JUDGMENT ACCORDINGLY.