Florence B. Symonds, Respondent, *v.* William J. Hurlbut, Appellant.

**Landlord and tenant — breach by tenant of covenants in lease of dwelling house in New York city — under provisions of section 10 of chapter 199 of the Laws of 1921 action by landlord to recover possession may not be maintained nor may damages be awarded because possession was withheld — remedy for unpaid rent under Emergency Rent Laws.**

A finding by the Appellate Division, made in an action for the cancellation and surrender of the premises and damages for withholding possession of the same, that covenants in a lease of a dwelling house in New York city have been violated by the tenant does not support a conclusion that the landlord is entitled to possession from the date of notice of cancellation of the lease and, therefore, may recover damages because possession was withheld from that date. By section 10 of chapter 199 of the Laws of 1921 maintenance of an action at law to recover possession of the land is expressly forbidden and the statute may not be made ineffective by resort to equity. As the court may not award the landlord possession in this action, neither may it award her damages because possession is withheld. Should she desire to recover rent unpaid, her remedy is under the various Emergency Rent Laws of 1920.

*Symonds* v. *Hurlbut*, 208 App. Div. 147, reversed.

(Submitted February 26, 1925; decided March 31, 1925.)

Appeal from a judgment, entered March 27, 1924, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term and directing judgment in favor of plaintiff.

*Emanuel Morganlander, Henry Saks Hechheimer* and *S. Edward Ginsburg* for appellant.

*Isham Henderson* for respondent. The plaintiff is entitled to maintain this action and to recover as damages the value of the use and occupation of the real property

from the time she served her demand upon the defendant that he surrender the premises. (Civ. Pr. Act, § 1011; *Willis* v. *McKinnon,* 178 N. Y. 451.) By asking for an injunction *pendente lite,* plaintiff did not lose her right to maintain this action for damages under section 1011 of the Civil Practice Act. (*Kilpatrick* v. *Argyle Co.,* 199 App. Div. 753.).

Andrews, J. On October 14, 1916, the plaintiff leased to the defendant for a term expiring on October 1, 1921, a dwelling house in New York city at an annual rental of $1,200. The lease contained covenants against underletting and against alterations of the premises without the written consent of the landlord and provided for re-entry should such covenants be violated. Without consent the tenant did sublet a portion of the house in question and did make alterations therein. Learning of these facts on November 4, 1920, the plaintiff notified the defendant that she canceled the lease and demanded possession of the premises, no rent thereafter being accepted or paid. On July 1, 1921, this action in equity was begun. As relief it demands that the defendant be enjoined from further violating the covenants of the lease, that the lease be canceled and that he be required to surrender the premises and pay resulting damages. With this action pending the tenant remained in possession until May 23, 1922, when he surrendered such possession to the landlord. The action came on for trial in December, 1922, and resulted in a dismissal of the complaint. The Appellate Division, however, takes a different view. Finding, as it might do under the evidence, that the covenants were in fact violated, it holds that the plaintiff was entitled to possession of the property from November 4, 1920; that she may recover damages because possession was withheld from that date to May 23, 1922; that the fair rental value at the rate of $2,500 a year during that

time was $3,882 and awards her that sum as " the mesne damages by reason of the refusal of said defendant to surrender said premises," between the two dates.

At the time this lease was executed the lessor had three possible causes of action in the Supreme Court for the breach of the covenants in question: (1) An action at law for damages so caused. Such damages here are neither alleged, proved nor found. (2) An action in equity to restrain their violation. (*Stewart* v. *Winters*, 4 Sandf. Ch. 587.) Such an action implies a continuance of the lease, not its cancellation and re-entry by the lessor. The finding is that the lease in question was canceled on November 4, 1920. Therefore, no recovery is possible under this theory. (3) An action to recover possession of the land. This is an action at law involving an election to cancel the lease. It involves a claim wholly inconsistent with the right to enforce the covenants by injunction. In such an action the value of the use and occupation of the land might have been recovered as damages. (Code Civ. Pro. sec. 1531; now Civ. Prac. Act, sec. 1011.) They would be based upon the finding that the plaintiff had been deprived of the possession to which he was entitled. But at the time when this action was begun and tried no such proceeding by a landlord against his tenant, occupying a dwelling house in the city of New York, was possible. It was expressly forbidden by statute (Laws 1921, ch. 199, § 10). Because so prohibited it is quite true that the plaintiff has no adequate remedy at law to recover possession by reason of the wrongs of which she complains. If this were sufficient to permit a resort to equity the statute would have little effect. As the court may not award the plaintiff possession in this action, neither may it award her damages because possession is withheld. Should she desire to recover rent unpaid, her remedy is under the various Emergency Rent Laws of 1920.

Our conclusion is that the judgment rendered is not

supported by the findings. It should, therefore, be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE and LEHMAN, JJ., concur.

Judgment reversed, etc.