# GEO. BENZ & SONS v. CARL G. WILLAR AND OTHERS.[1]

November 27, 1936.

No. 30,847.

*Paul C. Thomas,* for appellant.

*George A. French, Earl H. A. Isensee,* and *Faner C. Wonderly,* for respondents.

HOLT, JUSTICE.

Plaintiff appeals from the judgment in favor of defendants. The action is for rent of certain premises in the city of Minneapolis for the months of April, May, and June, 1931. The facts were stipulated and findings and conclusions of law made thereon directing the entry of judgment for defendants with costs.

The assignments of error are that certain findings of fact are not justified by the stipulated facts and that the conclusions of

[1]Reported in 269 N. W. 840.

law are not justified by the findings of fact or by the stipulated facts.

The stipulated facts are: Plaintiff, a corporation, on and prior to March 17, 1930, held two mortgages upon the premises known as the Millers and Traders Bank Building at 407 Fourth street south, in the city of Minneapolis, the first of which was foreclosed and the premises bid in by plaintiff, the period of redemption expiring on February 24, 1931; and on February 28, 1931, plaintiff made redemption as the holder of the second mortgage. On July 23, 1929, one Fager was the owner by assignment of the lessor's interest in a 100-year lease covering the premises, and Fager, by one D. D. Clark, leased the basement of said building to defendants Carl G. Willar and R. E. Rasmussen, copartners as Minneapolis Drive Yourself System, for the term of three years from August 1, 1929, for which said defendants agreed to pay as rent $200 per month in advance. On March 17, 1930, the said partners formed defendant corporation, Minneapolis Drive Yourself System, Inc., and the partnership and corporation occupied said basement after the redemption by plaintiff up until March 31, 1931, when they vacated the premises. The lease was received over the objection of defendants that there was no proof of authority in writing from Fager to Clark to make it. A letter, dated February 28, 1931, mailed March 2, 1931, signed by defendant corporation and one of the partners and addressed to plaintiff, stated:

"This will serve as notice to you of our removal on April 1, 1931, from the premises known as the basement of the Millers and Traders Bank Building at 407 South 4th street in the city of Minneapolis."

In response plaintiff wrote defendants that they had evidently overlooked their lease, under which plaintiff would hold them liable for rent until August 1, 1932. Defendants denied liability, mailed plaintiff a check for $228.46 as payment for occupancy until April 1, and, by that date, vacated the premises. Some more correspondence followed in which plaintiff insisted that defendants were bound by the lease as its tenants, and defendants as vigorously denied that they were tenants of plaintiff. The court found that

defendants did not attorn to plaintiff and refused to be plaintiff's tenants, under any circumstances, for a longer period of time than to March 31, 1931; and concluded that the defendant corporation became a tenant at sufferance upon the expiration of the period of redemption from the foreclosure of plaintiff's mortgage, and that neither of the other defendants became plaintiff's tenants for a longer time than for the definite term to March 31, 1931, when the property was vacated, and also concluded that plaintiff had not the right to affirm any lease which may have existed between Fager and defendants. The conclusions just stated are rather conclusions of law than findings of fact.

The assignments of error that the stipulated facts do not sustain certain findings of fact should be disposed of before considering the challenged conclusions of law. The finding that the copartnership was dissolved and that the defendant corporation took over the partnership assets cannot be regarded as of much importance to a proper disposition of this controversy. Neither the partnership nor the corporation defendant ever occupied the premises as tenants, unless under the three-year lease from Fager. So the finding that the individual defendants as a copartnership had been tenants of Fager prior to March 17, 1930, and that between said date and the expiration of the period of redemption from plaintiff's mortgage foreclosure sale the defendant corporation was such tenant is as favorable to plaintiff as it could desire. At any rate, plaintiff must necessarily have as a basis for this suit for rent that one or more of defendants at one time were tenants of the premises. The finding which is decisive, in our opinion, is the one numbered 6 and which is claimed to be without support in the stipulation of facts. It reads:

"That the defendants refused to attorn to plaintiff, and refused to be plaintiff's tenant, under any circumstances, for a longer period of time than to the 31st of March, 1931; that after the expiration of the period of redemption the defendant, Minneapolis Drive Yourself System, Inc., was a tenant at sufferance; that neither of the defendants ever became plaintiff's tenant for a longer

time than for a definite term to March 31, 1931, when the property was vacated."

The quoted finding appears to us to be fully justified by the stipulated facts. The letter dated February 28, 1931, from defendants to plaintiff cannot be construed otherwise than as a refusal to attorn to plaintiff and as a notice of their vacation of the premises. Their subsequent payment of a certain sum of money for their occupancy after plaintiff procured title in fee cannot be more than a consent to be plaintiff's tenant for the time between February 24, 1931, and April 1, 1931.

We think the conclusions of law are justified by the findings of fact. Plaintiff's mortgages were prior to the lease here in question. So there can be no privity between plaintiff and any defendant. When the lessor's title fell by the foreclosure of the mortgage and failure to redeem, the lessees' rights as tenants fell with it. Defendants thereafter remaining in possession were trespassers or, at best, tenants at will or at sufferance and could have been ejected. Their mere remaining in possession did not give plaintiff the right to become their landlord without their consent. Under our law the mortgagor holds title and possession while the mortgagee has a mere lien until the redemption has expired from a foreclosure sale under the mortgage. In 35 C. J. § 36, p. 965, it is stated:

"After foreclosure there must be some agreement, either express or implied, upon the part of the tenant to become the tenant of the new owner for the balance of the term, and a consent by the new landlord to accept the tenant as a tenant under such terms."

Hogsett v. Ellis, 17 Mich. 351; Commonwealth Mortgage Co. v. De Waltoff, 135 App. Div. 33, 119 N. Y. S. 781; Schroeder v. Arcade Theater Co. 175 Wis. 79, 184 N. W. 542. Where there has been a foreclosure of a mortgage executed prior to a lease and the period of redemption has expired, title vests in the purchaser at the sale as it was in the mortgagor when the mortgage was given, that is, without the lease. The new owner, be it the mortgagee or any other purchaser at the foreclosure sale, does not by operation of law become the landlord of any tenant who has become such after the

mortgage was given. It may not take much to establish such relation between a tenant in possession and the holder of a sheriff's certificate of sale after the expiration of the redemption period; but there must be something which shows consent of both parties. The mere remaining in possession by the tenant is not enough. There must be an express or implied agreement to that effect. It is quite clear from the facts stipulated that no implied consent could be found on the part of defendants, or either of them, to become tenants of plaintiff, and no express proposal except for the definite time up to April 1, 1931. The check of $228.46 cannot be taken as a consent to become a tenant for any longer period than stated in the letter in which the check was sent, to-wit: to April 1, 1931. Our own cases proceed on the theory that the foreclosure of a mortgage given prior to a lease terminates all rights under the lease the moment the period of redemption expires without redemption. We have been cited to Schuchard v. St. Anthony & Dakota Elev. Co. 176 Minn. 37, 222 N. W. 292, 294, wherein prior decisions of this court are referred to and discussed. That case related to ownership of grain, severed and removed by the mortgagor's tenant after the redemption expired, where the mortgagee's grantee sought to claim the mortgagor's share, so it is perhaps not directly in point; but, in the course of the opinion, after calling attention to the fact that the tenant took his lease while the period of redemption was running, the court states [176 Minn. 43]:

"In that situation, the rights of the tenant, as well as those of the landlord, terminated when the period for redemption expired. The tenant was not in possession under any lease which protected him against the title acquired under the mortgage. His right to possession terminated with and at the same time as that of his landlord. * * * The tenant and the landlord here stood on the same footing. As against the new owner, the right of each of them to possession of the land had terminated. At most, the tenant was thereafter a mere tenant at will of the new owner."

We do not agree with respondent that the last few words of the quotation should read "a mere tenant at *the* will of the new owner."

The words used and intended to be used were "tenant at will," the technical designation of a tenancy. Appellant cites Curry v. Bacharach Quality Shops, Inc. 271 Pa. 364, 117 A. 435; but there the successor to the title acquired by the foreclosure by accepting rent during more than a year from the tenant in possession was held to have affirmed the lease.

In our opinion the conclusion of law is sustained by the findings of fact as well as by the facts stipulated.

Judgment affirmed.