provisions for payment of schooling and medical expenses in unspecified amounts as inadvisable, and deem it preferable that an over-all sum be fixed for temporary alimony and child support from which expenses of such nature may be defrayed (cf. *Schine* v. *Schine*, 28 A D 2d 976; *Macris* v. *Macris*, 29 A D 2d 528). In our opinion the provision of $300 a week gives fair effect to the circumstances revealed in the pretrial record before us. Satisfactory consideration of the counsel fee application is hampered at the present time by the inadequacy of information concerning the legal services for which claim has been made in the Civil Court action by plaintiff's attorney, including the extent, if any, to which such services might properly be payable out of the Supreme Court allowance for counsel fee, and concerning any agreement by defendant to pay for them. Our disposition accordingly denies allowance of a counsel fee and refers the matter to the trial court for such determination after conclusion of the trial as may then be warranted. Concur — Botein, P. J., Eager, Steuer, Capozzoli and McGivern, JJ.

■ LAURA TANNE, Respondent, v. SOL TANNE et al., Appellants.— Order entered on March 25, 1968, granting motion to reargue and upon reargument recalling prior decision of January 16, 1968, unanimously reversed on the law and the facts, without costs or disbursements. Original order of Telesford, J., dated October 30, 1967 granting motion to vacate demand for jury trial is accordingly still possessed of vitality. It is not disputed that all three actions consolidated herein arise from the same transaction. The actions having arisen out of the same transaction, and plaintiff not having opposed consolidation and having settled the order consolidating the legal and equitable causes, for which consolidated actions plaintiff filed a note of issue, following his motion for a joint trial pursuant to CPLR 602 (subd. [a]), a waiver has resulted as to plaintiff's right to a trial by jury of the issues involved in the law action. (*Lavisch* v. *Schwartz*, 235 App. Div. 18; CPLR 4102, subd. [c].)  Concur — Botein, P. J., Steuer, Capozzoli, McGivern and Macken, JJ.

■ J. LEE RANKIN, CORPORATION COUNSEL OF THE CITY OF NEW YORK, on Behalf of the BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent, v. ALBERT SHANKER, Individually and as President of the United Federation of Teachers, Local 2, American Federation of Teachers, AFL-CIO, et al., Appellants.— Order entered October 16, 1968 unanimously affirmed, without costs and without disbursements, on the opinion of Mr. Justice BLOUSTEIN. The stay heretofore granted is vacated. Concur — Botein, P. J., Eager, Steuer, Capozzoli and McNally, JJ.

■ J. LEE RANKIN, CORPORATION COUNSEL OF THE CITY OF NEW YORK, on Behalf of the BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent, v. ALBERT SHANKER, Individually and as President of the United Federation of Teachers, Local 2, American Federation of Teachers, AFL-CIO, et al., Defendants, and WALTER J. DEGNAN et al., Appellants.— Order entered October 16, 1968 unanimously affirmed, without costs and without disbursements, on the opinion of Mr. Justice BLOUSTEIN. The stay heretofore granted is vacated. Concur — Botein, P. J., Eager, Steuer, Capozzoli and McNally, JJ.

### (October 29, 1968)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GENNARO CIPRIO, Appellant.