I. Robert Krasner, Appellant, v Transcontinental Equities, Inc., et al., Defendants, and Ben-Ness Cameras & Electronics Center, Inc., Respondent.

First Department, October 18, 1979

## APPEARANCES OF COUNSEL

*Paul Kleinberg* for appellant.

*David D. Wallerstein* for respondent.

### OPINION OF THE COURT

FEIN, J.

Plaintiff appeals from an order which denied his motion for summary judgment against defendant Ben-Ness Cameras & Electronics Center, Inc. (Ben-Ness) to recover the sum of $12,000 and granted summary judgment to Ben-Ness on its cross motion, dismissing the complaint as to said defendant.

The action concerns possession of store premises at 57-59 East 59th St., Manhattan, in the Delmonico Hotel, originally leased by Tankoos-Yarmon Hotels, Inc., now defendant Transcontinental Equities, Inc. (Transcontinental) to defendant Liberty Travel Service, Inc. (Liberty) by lease executed September 27, 1968, for a term commencing October 10, 1968 and ending September 31 *[sic]*, 1978. Subsequently, the premises were subleased by Liberty to plaintiff Krasner for the period December 1, 1968 through September 30, 1978. On June 25, 1973, with Liberty's consent, plaintiff sublet the premises to Selectronic Office Equipment, Inc. (Selectronic) for the period July 1, 1973 to September 29, 1978, the sublease terminating one day prior to the termination of plaintiff's sublease from Liberty. On March 14, 1975, Selectronic assigned its sublease to Ben-Ness.

On May 7, 1976, Ben-Ness entered into an agreement with Transcontinental as owner of the building, described as a "surrender of lease", wherein Ben-Ness agreed to vacate the premises on or before May 21, 1976, in return for the payment by Transcontinental to Ben-Ness of $12,000 plus $2,000 representing security under the sublease, in consideration of Ben-Ness' surrender of all of its interest in the premises under the sublease assigned to it by Selectronic. Transcontinental also

agreed to hold Ben-Ness harmless from any claim which might be asserted by plaintiff arising out of Ben-Ness' tenancy, possession *and/or* surrender of the premises. Prior to execution of the agreement, plaintiff had written advising Ben-Ness that Krasner would not recognize any surrender of the premises which did not take into account plaintiff's interest.

On June 21, 1976, this action was commenced to recover damages for breach of the sublease agreement. On the prior appeal we reversed Special Term's order granting summary judgment to Ben-Ness and denying summary judgment to plaintiff. Our reversal was premised on the failure of the parties to submit copies of the pleadings (64 AD2d 551). Plaintiff again moved for summary judgment against Ben-Ness only, contending that the receipt of the $12,000 and the purported surrender of the lease violated the terms of the sublease between Krasner and Selectronic, Ben-Ness' assignor. Special Term again denied plaintiff's motion for summary judgment and granted summary judgment to Ben-Ness on its cross motion, dismissing the complaint. Special Term again held that the assignment of its leasehold interest by Ben-Ness to Transcontinental effected "a merger of the balance of Ben-Ness' tenancy in the main landlord's freehold estate" thereby extinguishing plaintiff's obligations under the paramount lease and Ben-Ness' obligations under the sublease. Special Term also ruled that in the absence of any showing by plaintiff that he was damaged by Ben-Ness' "violation of the lease provision * * * requiring plaintiff's consent to assign its interest in the premises", judgment was appropriate in favor of Ben-Ness.

■ The conclusion that the surrender by Ben-Ness violated the terms of sublease from plaintiff to Selectronic and the assignment by Selectronic to Ben-Ness ignores the provisions of the sublease and the assignment. Those instruments do not require plaintiff's consent as a precondition to any assignment by Ben-Ness. The absence of any condition requiring the consent of Krasner to any assignment by Ben-Ness is dispositive. Ben-Ness surrendered only its leasehold interest in the premises to Transcontinental in return for the payment of $12,000 by Transcontinental to Ben-Ness. The Selectronic sublease, assigned to Ben-Ness, terminated one day prior to the termination of Krasner's leasehold interest. In surrendering its interest to Transcontinental, Ben-Ness did not infringe

upon nor interfere with plaintiff's remaining one day reversion. Ben-Ness' surrender or assignment of the balance of its term could not interfere with Krasner's remaining limited leasehold interest.

There was neither a surrender nor a merger. "A surrender is the restoring and yielding up of an estate for life or for years to one who has the immediate estate in reversion or remainder, whereby the lesser estate is merged in the reversion or remainder." (34 NY Jur, Landlord and Tenant, § 388.) Transcontinental did not have the immediate estate in reversion or remainder of Ben-Ness' sublease. Plaintiff Krasner had such immediate estate by virtue of the facts that (1) it was Ben-Ness' sublessor, and (2) there remained one day of Krasner's original term after the end or termination of Ben-Ness' sublease. Thus there was an intermediate estate held by Krasner between the estate of Transcontinental and Ben-Ness, which precluded either a surrender or a merger. (34 NY Jur, Landlord and Tenant, § 354.)

The so-called "surrender" by Ben-Ness to Transcontinental constituted an assignment. Special Term ruled that this was a breach of Ben-Ness' covenant against assignment without obtaining plaintiff's permission. However, neither the sublease from plaintiff to Selectronic, nor the assignment of that sublease by Selectronic to Ben-Ness requires that plaintiff's consent be obtained before further assignment of the sublease. In effect, Special Term engrafted upon the agreement between the parties the condition in the major lease requiring the major landlord's consent. However, the parties to the sublease between plaintiff and Selectronic did not agree that plaintiff's consent was required for an assignment.

The sublease between Krasner and Selectronic provides as follows:

"8. The Tenant herein agrees not to attorn to the major landlord and/or owner of the building and if any payment is made directly by the Tenant herein to the said major landlord and/or owner, the same shall be solely as agent for the Landlord herein.

"9. Anything to the contrary contained in Article 11 hereof notwithstanding, the Tenant may further sublease the entire premises but shall obtain landlord's consent to said subletting prior to entering into any subleasing. agreement. Landlord agrees not to unreasonably withhold said consent, provided, however, that in the event that the rental paid by the said

subtenant shall be in excess of the rental under this sublease, then Landlord shall be entitled to such excess over and above the rental paid by this Tenant. The consent of the major landlord to such further assignment and/or subletting shall not be deemed as a consent by the Landlord herein."

■ This provision must be strictly construed against plaintiff, its drafter. It requires consent only to a sublease, not to an assignment. When Selectronic assigned the sublease to Ben-Ness, the latter became obligated by the terms and conditions contained in the sublease between Krasner and Selectronic, Ben-Ness' assignor. Since the Selectronic sublease only required the consent of Krasner to any subletting and no consent was required to an assignment, there was no breach by Ben-Ness. It is undisputed that Ben-Ness did not enter into a sublease with Transcontinental. The surrender of the balance of Ben-Ness' term to Transcontinental amounted to an assignment, not subletting. Krasner's consent was not required either under the provisions of the sublease from Krasner to Selectronic or by virtue of the assignment from Selectronic to Ben-Ness.

The concurring opinion concludes that since the sublease from Krasner to Selectronic was subject and subordinate to the lease between Liberty and Krasner, which precluded assignment without the landlord's written consent, Krasner's consent was requisite before an assignment by either Selectronic or its assignee, Ben-Ness. However the sublease from Krasner to Selectronic did not contain a similar provision. It required consent only to subletting. That the sublease was subject and subordinate to the prior Liberty sublease did not create an obligation to obtain Krasner's consent to any assignment by Ben-Ness, not expressly reserved.

■ Nor was the transfer by Ben-Ness to Transcontinental of its remaining leasehold interest violative of paragraph 8 of the sublease between Krasner and Selectronic. That clause in the sublease precludes the tenant from attorning to the major landlord and/or owner of the building and provides that if any payment is made by the tenant to the major landlord, it shall be solely as agent for Krasner. Here, however, it is clear that there was no attornment. Attornment contemplates the act or agreement by a tenant accepting one person in place of another as his landlord. Here, there was no recognition by Ben-Ness of Transcontinental as its landlord. Nor was there any payment by Ben-Ness to Transcontinental.

Moreover, Krasner could have no legal or practical interest in the terms of the assignment by Ben-Ness to Transcontinental. That assignment in no way impinged upon Krasner's one-day reversionary interest in the premises. Any claim for damages for the loss of that one day's reversion is to be asserted against Transcontinental not Ben-Ness. Krasner's interest was in collecting the rent from Ben-Ness and his obligation was to pay the rent to his landlord. So far as appears Krasner has not been called upon to pay rent for the period assigned by Ben-Ness to Transcontinental. Nor could he be.

There was no damage to Krasner, even if it be concluded that Krasner's consent to the Ben-Ness assignment was required. Krasner covenanted that he would not "unreasonably withhold" his consent. He has shown no basis for withholding consent except for his desire to share in the $12,000 paid by Transcontinental to Ben-Ness for Ben-Ness' removal from the premises. Since this sum did not exceed the rent Ben-Ness would have been required to pay Krasner for the balance of the term, had Ben-Ness not removed, Krasner has not been damaged by such payment. Nor is he entitled to share in it. Ben-Ness was paid for giving up possession of the store, closing its business. It was not unjustly enriched. Krasner lost nothing, as a matter of fact and law. He was not damaged.

Accordingly, the order, Supreme Court, New York County (GABEL, J.), entered January 24, 1979, denying plaintiff's motion for summary judgment as against defendant Ben-Ness Cameras & Electronics Center, Inc. and granting said defendant summary judgment dismissing the complaint as to it, should be affirmed with costs.

LUPIANO, J. (concurring). Plaintiff leased a store located at 57-59 East 59th Street, Manhattan, New York, for the period December 1, 1968, through September 20, 1978, from defendant Liberty Travel Service of New York, Inc., who had theretofore leased it from the owner, Tankoos-Yarmon Hotels (now defendant Transcontinental Equities, Inc.). With the consent of Liberty Travel Service of New York, Inc., plaintiff sublet the premises to Selectronic Office Equipment, Inc. for the period July 1, 1973 to September 29, 1978, terminating one day before the end of plaintiff's sublease. The sublease between plaintiff and Selectronic Office Equipment, Inc. provides in pertinent part that it is: "1. [S]ubject and subordinate to but upon the same terms, covenants, conditions and rentals

mentioned and described in a certain lease dated October 22, 1968 between Liberty Travel Service of New York, Inc., as Landlord, and [plaintiff], as Tenant * * * and upon the terms, conditions and provisions hereinafter set forth * * * 8. The Tenant herein agrees not to attorn to the major landlord and/or owner of the building and if any payment is made directly by the Tenant herein to the said major landlord and/or owner, the same shall be solely as agent for the Landlord herein. 9. * * * [T]he Tenant may further sublease the entire premises but shall obtain landlord's consent to said subletting prior to entering into any subleasing agreement. Landlord agrees not to unreasonably withhold said consent, provided, however, that in the event that the rental paid by the said subtenant shall be in excess of the rental under the sublease, then Landlord shall be entitled to such excess over and above the rental paid by this Tenant. The consent of the major landlord to such further assignment and/or subletting shall not be deemed as a consent by the Landlord herein." The lease agreement dated October 22, 1968 between Liberty Travel Service of New York, Inc. as landlord and plaintiff as tenant provides in pertinent part as follows: "11. Tenant * * * covenants that it shall not assign * * * this agreement, nor underlet * * * without the prior written consent of Landlord in each instance". On March 14, 1975, Selectronic Office Equipment, Inc. assigned its sublease to defendant Ben-Ness Cameras & Electronics Center, Inc. (hereinafter Ben-Ness Cameras). Apparently aware in the spring of 1976 that the owner of the building was seeking to terminate leasehold interests in the premises, plaintiff's counsel by letter dated March 22, 1976 advised Ben-Ness Cameras that plaintiff would recognize "no surrender which does not take into account [plaintiff's] interest in the premises." Nevertheless on May 7, 1976, defendant Ben-Ness Cameras entered into an agreement with the owner of the building. Transcontinental Equities, Inc. In that agreement Ben-Ness Cameras agreed to vacate the premises on or before May 21, 1976. Transcontinental Equities, Inc. agreed to pay Ben-Ness Cameras $12,000 as consideration for surrender[1] of the premises, in addition to $2,000 representing security under the sublease. Transcontinental

---

1. Technically, Ben-Ness did not surrender, but assigned its leasehold interest to Transcontinental Equities, Inc. "A surrender is the restoring and yielding up of an estate for life or for years to one who has the *immediate* estate in reversion or remainder, whereby the lesser estate is merged in the reversion or remainder" (34 NY Jur, Landlord and Tenant, § 388; emphasis supplied).

Equities, Inc. further agreed to hold Ben-Ness Cameras harmless from any claim by plaintiff arising out of Ben-Ness Cameras' tenancy, possession and/or surrender of the premises.

On June 21, 1976, plaintiff commenced the instant action to recover damages for breach of the sublease agreement. His subsequent motion for summary judgment against defendant Ben-Ness Cameras in the sum of $12,000 for violation of the sublease agreement between plaintiff and Selectronic Office Equipment, Inc., which was assigned by the latter to Ben-Ness Cameras, was denied by Special Term, albeit Special Term clearly and properly recognized "that plaintiff objected to the 'surrender of lease' prior to its consummation * * * Ben-Ness clearly has violated, at the least, the lease provision requiring plaintiff's consent to assign the former's interest in the premises." Instead, Special Term granted summary judgment to Ben-Ness Cameras on the ground that "the transaction between Ben-Ness and Transcontinental constitutes a merger of the balance of Ben-Ness' tenancy in the main landlord's freehold estate * * * Plaintiff's obligations under the paramount lease have thereby expired, as have Ben-Ness' obligations under the sublease."

On appeal, we modified the order of Special Term to the extent of denying summary judgment to both parties because the pleadings were not made part of the motion nor were they filed with the County Clerk, without prejudice to renewal of the motion for summary judgment upon proper papers which shall include a copy of the pleadings (64 AD2d 551). Plaintiff subsequently renewed his motion for summary judgment upon papers which include a copy of the pleadings, and defendant Ben-Ness cross-moved for summary judgment dismissing the complaint as to it. Special Term again determined to deny to plaintiff, but to grant to defendant Ben-Ness, summary judgment relief on the grounds that as a matter of law plaintiff has not been damaged and that there was a merger of estates.

"The general rule at law with respect to merger of estates, that when a greater estate and a lesser estate meet in the same person, *without the existence of an intermediate estate,* the lesser is merged or drowned in the greater, applies to leases" (34 NY Jur, Landlord and Tenant, § 354; emphasis supplied). However, it is clear that on this record plaintiff's interest constituted the existence of an intermediate estate. Defendant Ben-Ness Cameras did not possess the entire period

of tenancy held by plaintiff and its status was that of a sublessee. There was no assignment of plaintiff's leasehold interest to Selectronic Office Equipment, Inc. and consequently no assignment of that interest to defendant Ben-Ness Cameras. The reversionary interest (the reservation of time, no matter how small) inhering in plaintiff mandates the conclusion that he held an intermediate estate frustrating application of the merger doctrine relied upon by Special Term. "A covenant against assignment without the written consent of the landlord has been regarded by the courts as a valued right * * * Therefore a landlord * * * can sue the tenant for such damages as he has sustained by reason of the breach of the restriction" (34 NY Jur, Landlord and Tenant, § 221). Plaintiff is, therefore, clearly entitled to recover damages which he has sustained by virtue of Ben-Ness Cameras' breach of the covenant against assignment without permission of plaintiff. What is at issue is the measure of damages, plaintiff claiming he is entitled to $12,000 and defendant Ben-Ness claiming "plaintiff is trying to get something for nothing" and is, therefore, entitled to no or nominal damages.

At the time the assignment agreement was executed, plaintiff had three possible courses of action for breach of the covenant in question: "(1) An action at law for damages so caused * * * (2) An action in equity to restrain their violation * * * (3) An action to recover possession of the land" *(Symonds v Hurlbut,* 240 NY 96, 98; see, also, *Liebmann's Sons Brewing Co. v Lauter,* 73 App Div 183). Plaintiff chose to sue for damges. "The measure of damages for the breach of a covenant not to assign or sublet is, it seems, generally speaking, the amount of loss to which the landlord is subjected by the assignment * * * Usually, since the original lessee remains, even after assignment, liable on the express stipulations of the lease, an assignment or subletting by him in violation of the covenant will not support a claim for substantial damages" (Tiffany, Landlord and Tenant, § 152, subd j, par [4], pp 942-943).[2]

Plaintiff's second cause of action against defendant Ben-Ness Cameras seeks recovery of the $12,000 paid by Transcontinental Equities, Inc. to Ben-Ness. There is no claim pre-

---

2. The lessee remains liable on its *contractual* covenants, such as the covenant to pay rent which may be enforced against it in case its assignee fails to perform this duty to pay the rent.

sented for rent due plaintiff from Ben-Ness and the record is devoid of any factual issue regarding rent due. As to the value of one day's use and occupation of the premises by the assignee Transcontinental, i.e., the interval between the termination of the assignor Ben-Ness' leasehold interest and the termination of plaintiff's leasehold interest, such issue appears to be more properly addressed to Transcontinental and not to Ben-Ness. Further, although the sublease between plaintiff as landlord and defendant Ben-Ness as subtenant provides that any excess (profit) inuring to the subtenant Ben-Ness by virtue of the latter's subleasing at a higher rental than that due under this sublease shall be given over to plaintiff, there is, by analogy, no profit arising out of the $12,000 payment by Transcontinental to Ben-Ness for the assignment. Under the assignment, the remaining term of Ben-Ness to be given over to Transcontinental amounted to approximately 28 months. The monthly rental due plaintiff from Ben-Ness is $775. Prorating the $12,000 payment received by Ben-Ness over the 28-month term remaining, discloses a monthly value of approximately $428.57, which is patently less than the $775 monthly rental. Thus, no profit was received by Ben-Ness over and above the rental specified. In essence, plaintiff has failed to demonstrate that he has sustained any damage.

Accordingly, the order of the Supreme Court, New York County (GABEL, J.), entered January 24, 1979, denying plaintiff's motion for summary judgment and granting defendant Ben-Ness Cameras & Electronics Center, Inc.'s cross motion for summary judgment dismissing the complaint as to it, should be affirmed.

MARKEWICH, J. (concurring). I concur in the majority vote for affirmance, resting the result however solely on plaintiff's failure to demonstrate damage. I find it entirely unnecessary to reach the issue of merger of estates.

BIRNS, J. P., and SULLIVAN, J., concur with FEIN, J.; MARKEWICH and LUPIANO, JJ., concur in separate opinions.

Order, Supreme Court, New York County, entered on January 24, 1979, affirmed. Respondent shall recover of appellant $75 costs and disbursements of this appeal.