OPINION OF THE COURT
Sidney Leviss, J.
In this declaratory judgment action, defendant moves to strike a demand for a jury trial served by plaintiff.
By this declaratory judgment action plaintiff seeks a determination that it retains rights as a tenant under a leasing agreement to realty presently owned by defendant. Plaintiff entered into the leasing agreement prior to a foreclosure action brought against the original owner. Defendant’s predecessor in title purchased the property at the foreclosure sale. It is plaintiff’s contention that its rights continued by reason of the conduct and promises made by defendant and its predecessor in title. Defendant commenced a summary proceeding to recover possession in the Civil Court. Upon motion of the plaintiff that action was removed and consolidated with this action.
*264 The commencement of an action for declaratory relief does not constitute a bar to a jury trial if the action would otherwise have been triable by a jury as of right. (See 4 Weinstein-Korn-Miller, NY Civ Prac, par 4101.39; 7 Carmody-Wait 2d, NY Prac, p 525.) In determining this question the court must ascertain which traditional remedy would most likely have been used to present plaintiff’s claim had declaratory relief not been available; (See Independent Church of Realization of Word of God v Board of Assessors of Nassau County, 72 AD2d 554.)
By its first cause of action plaintiff alleges that it attorned to the defendant and its predecessor in title, giving rise to plaintiff’s right under the old lease. Attornment is an act or agreement by which a tenant accepts one person in place of another as its landlord. (Krasner v Trancontinental Equities, 70 AD2d 312.) It does not create a new tenancy, but rather substitutes a new landlord subject to all of the terms and conditions of the original lease. (Austin v Ahearne, 61 NY 6; see Benz & Sons v Willar, 198 Minn 311; Ann., 109 ALR 443, 450.) By its second cause of action plaintiff alleges that the defendant was estopped or barred from seeking termination of the tenancy. Basing its claim on alleged representations and conduct, plaintiff seeks the application of an estoppel in pais or equitable estoppel to bar defendant’s attempted repossession.
Were declaratory relief not available, plaintiff would be compelled to seek equitable relief either by way of specific performance of the lease or injunctive relief prohibiting the summary proceeding. Under the circumstances, the complaint is equitable in nature, not warranting trial by jury.
Plaintiff contends that it is entitled to a jury trial of defendant’s summary proceeding. Such relief is triable as of right by jury unless the parties have waived. (RPAPL 745; Glass v Thompson, 51 AD2d 69, 73.) Clearly, defendant has waived a jury trial by not demanding such relief and by making this motion. Plaintiff’s reliance on the provisions of CPLR 4102 (subd [c]) is misplaced as that section does not preserve the right to it. The section specifically provides: “A party shall not be deemed to have waived the right to trial by jury * * * of the issues of fact arising upon a counterclaim, cross claim or third-party *265 claim, by asserting it in an action in which there is no right to trial by jury.” The clear terms of the statute preserve the right to a jury to the person interposing the counterclaim or cross claim, but not the person interposing the main claim in the action. Thus, where, as here, the party asserts a cause not triable as of right by a jury and subsequently seeks and obtains consolidation of another action triable by jury, they have, by seeking such consolidation, waived the right to a jury in either cause. (Tanne v Tanne, 30 AD2d 956.)
Accordingly, the defendant’s motion to vacate the demand for a jury trial is granted.