ROSE M. KRESHA, APPELLANT, V. JOSEPH A. KRESHA, APPELLEE.

371 N.W.2d 280

Filed August 2, 1985.  No. 84-445.

Patrick W. Healey of Healey, Brown, Wieland, Kluender, Atwood & Jacobs, for appellant.

Bradley E. Barrows of Svehla & Barrows, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

On August 30, 1979, Adolph Kresha and plaintiff-appellant, Rose M. Kresha, were husband and wife and the coowners of two tracts of land. They are the parents of defendant-appellee,

Joseph A. Kresha. On the aforesaid date the father, by written instrument and without the consent, knowledge, or authority of the mother, leased nonhomestead lands to the son for a period of 6 years. The mother learned of the lease, at the latest, on March 12, 1980. Subsequently, on March 18, 1980, the mother filed an action for separate maintenance, which the father converted into a dissolution action. The dissolution decree awarded the subject lands to the mother. Following dismissal of the father's appeal of that decree to this court, a deed conveying the lands to the mother was recorded on August 16, 1982. On August 26, 1982, the mother wrote the son, advising that she was terminating his lease. The son, in turn, wrote the mother that he considered his lease to be valid, and remained on the lands. On March 2, 1983, the mother sent another notice directing the son to vacate the lands. Again, the son continued his occupancy. The mother then, on March 14, 1983, brought this forcible entry and detainer action in the county court to obtain possession of the lands. The county court dismissed her action, and the district court affirmed. On appeal to this court she assigns as error (1) the district court's ruling that the lease is valid as to the interest the father had in the lands at the time of its execution; (2) the district court's speculation that the judge dissolving the marriage considered the son's leasehold interest when distributing the property; and (3) the district court's advice that the mother's remedy is in partition. We, without passing on the last two issues, affirm.

It should perhaps be noted that this is the second time the mother and her son have litigated in this court their respective rights under various leases. The first occasion is found in *Kresha v. Kresha*, 211 Neb. 92, 317 N.W.2d 776 (1982). Although many of the circumstances in that earlier case are similar to the circumstances of the present case, the tracts of land leased and the legal issues presented are different.

This jurisdiction has recognized that one of several tenants in common can lease his or her own interest to third persons. *Trowbridge v. Donner*, 152 Neb. 206, 40 N.W.2d 655 (1950), a partition action, holds that in the absence of ratification a lease by less than all of the tenants in common does not bind the nonleasing cotenants. In so holding, *Trowbridge* relied on

*Jackson v. O'Rorke*, 71 Neb. 418, 98 N.W. 1068 (1904), also a partition action. The question in *Jackson* concerned the rights of lessees under a lease executed by one of several tenants in common on her own behalf and as guardian of the three remaining cotenants, one of whom had reached majority before execution of the lease, another of whom reached majority shortly after the lease was executed, and the third of whom remained a minor. This court held that the lease was binding upon the tenant executing the lease on her own behalf and upon the minor cotenant on whose behalf she executed the lease as his guardian. However, the lease was held to be null and void in its entirety as to the interest of the cotenant who was an adult at the time it was executed and null and void from the date of suit as to the cotenant who became an adult after the lease had been executed. In so holding, this court said:

> Mrs. O'Rorke in her representative capacity stood in the position of one tenant in common attempting to lease the entire estate, without the consent of the other cotenants. While such a lease as this may be upheld under certain conditions in a contest between the lessor and the lessee, yet, it is universally held that such a lease may be avoided by any of the tenants in common who did not execute it or subsequently ratify its execution. And, where a lease is executed by one tenant in common of the entire estate for a term of years, and such lease is repudiated by the cotenants, the lessee in the lease is held to be not a trespasser but a tenant by sufferance of the estate occupied under such lease. [Citations omitted.] In other words, the lessee of one tenant in common stands in the shoes of his lessor, and has no other or greater rights in the common property than that attaching to his lessor. It would be paradoxical to say that a tenant in common in possession of the estate might contract with himself to occupy the estate for a period of years, and defeat the right of partition of the estate by his cotenants by such an act.

71 Neb. at 422-23, 98 N.W. at 1070.

This jurisdiction's rule that one of several owners can lease his or her own interest to third persons has, as we have seen, been developed in connection with tenancies in common.

According to the mother, she and the father had been joint tenants of the subject lands. We conclude, however, that the nature of the concurrent ownership is not material for the purpose of resolving the question before us, for there is authority applying the same rule to joint tenancy ownerships. *Swartzbaugh v. Sampson*, 11 Cal. App. 2d 451, 54 P.2d 73 (1936); *Booth v. Cebula*, 25 Ill. App. 2d 411, 166 N.E.2d 618 (1960); 48A C.J.S. *Joint Tenancy* § 33 (1981).

We conclude, therefore, that the father could and did encumber his own interest in the lands by the lease with his son, but did not encumber the mother's interest.

The next question is whether the mother, when the entire ownership of the lands was conveyed to her pursuant to the dissolution decree, took the lands subject to the son's leasehold interest in the father's former ownership interest. We conclude that she did.

In the final analysis the situation is not dissimilar to that presented in the acquisition of property from a fee owner which the purchaser knows to be encumbered by an existing lease. In such a situation the purchaser acquires the property subject to the lease. *Grand Island Hotel Corp. v. Second Island Development Co.*, 191 Neb. 98, 214 N.W.2d 253 (1974); *Gregory v. Pribbeno*, 143 Neb. 379, 9 N.W.2d 485 (1943).

In an attempt to avoid application of this general rule to the present case, the mother cites several cases from other jurisdictions in which a life tenant, mortgagor, or purchaser under a contract for deed executed a lease which the remainderman, mortgagee, or seller successfully refused to recognize once the life tenant died or the mortgagor or contract for deed purchaser defaulted. *Campos v. Warner*, 90 N.M. 63, 559 P.2d 1190 (1977); *Schrunk v. Andres*, 221 Minn. 465, 22 N.W.2d 548 (1946); *Ins. Co. v. Products Corp.*, 135 Ohio St. 501, 21 N.E.2d 585 (1939); *Geo. Benz & Sons v. Willar*, 198 Minn. 311, 269 N.W. 840 (1936). These cases, however, are not applicable. Here, the father owned, at the time of entering into the lease, a fee interest, whereas in the cases cited by the mother the lessors did not have fee title and simply undertook to encumber more than they owned.

For example, *Statler v. Watson*, 160 Neb. 1, 68 N.W.2d 604

(1955), holds that a lease given by one who was the owner of an undivided one-fourth interest and the life tenant of the remainder was binding after her death as to her undivided one-fourth interest but not as to the remainder.

Nor are we unmindful of *George & Teas v. George*, 267 Ark. 823, 591 S.W.2d 655 (1979), upon which the mother places substantial reliance. In *George* the Court of Appeals for the State of Arkansas set aside, upon motion of a purchaser without notice, the lease by the husband of real property owned jointly with his wife. The lease to the husband's mother was for a 99-year term and called for only a nominal rental. The mother knew her son was having marital difficulties, and the lease was entered into after the husband filed the last of two or three divorce actions. The wife did not learn of the lease until after it was ordered sold at judicial sale in satisfaction of the divorce decree. The *George* court stated the law permitted the husband in good faith and without fraud to convey his interest in nonhomestead property, subject to the wife's dower interest, but found that under the circumstances the lease constituted a fraudulent conveyance. It is sufficient to note the *George* facts are not the facts of the present case. There is nothing before us to indicate that the terms of the 6-year lease involved here are other than ordinary and customary. Moreover, the mother knew of the lease and its provisions throughout the dissolution proceedings and was free to develop all the facts surrounding it for the consideration of the dissolution court. Whether she did so is immaterial, particularly in view of the fact that the dissolution decree has become final.

The determination that the mother took the lands subject to the lease of the father's former interest makes consideration of her remaining assignments of error unnecessary.

The controlling fact is that the trial judge decided the case correctly. That he may have erred, if he did, in his speculations as to what the judge dissolving the marriage had in mind when he distributed the property or in his gratuitous advice as to the mother's remedy is of no consequence. A proper judgment will not be reversed even if the trial court gave the wrong reasons for its rendition. *Nerud v. Haybuster Mfg.*, 215 Neb. 604, 340 N.W.2d 369 (1983).

The judgment of the district court is affirmed.

AFFIRMED.